In the Matter of the Examination of VERONICA LYNCH, Judgment Debtor, in Proceedings Supplementary to Execution, in an Action Entitled BRACKETT H. CLARK v. VERONICA LYNCH.

VERONICA LYNCH, Appellant; BRACKETT H. CLARK, Respondent.

*Fraternal society insurance — money payable to the beneficiary thereunder, exempt from the claims of creditors — chapter 116 of 1884 and chapter 520 of 1889.*

The amount received by a widow, as beneficiary under a policy of insurance issued to a member of a fraternal society, organized under chapter 74 of the Laws of 1877, insuring her husband's life in such society, if received by her while chapter 116 of the Laws of 1884 and chapter 520 of the Laws of 1889 were in force (although such fraternal society was not reincorporated under the latter act), is exempt from the claims of her creditors as well as from those of the creditors of her deceased husband.

The exemption provided by such acts is general in its terms; it exempts the fund from execution for the debts of the widow no matter when or how contracted. The purpose is to afford protection to the widow and children of a deceased member of such society at a time when they are likely to especially need assistance.

Such acts are beneficent statutes and should be liberally construed to effectuate the intention of the Legislature.

APPEAL by the judgment debtor, Veronica Lynch, from an order of the Monroe county judge, made on the 19th day of March, 1894, directing such judgment debtor to pay to the sheriff of Monroe county the amount of a judgment recovered against her in an action brought by Brackett H. Clark, and the costs allowed in proceedings supplementary to execution issued upon such judgment, or in default thereof directing that a precept of commitment issue.

*George W. Thomas*, for the appellant.

*Myron T. Bly*, for the judgment creditor, respondent.

LEWIS, J.:

The defendant's husband was a member of the Ancient Order of United Workmen, a fraternal society organized by chapter 74 of the Laws of 1877.

Her husband's life was insured by said society for the sum of $2,000; the defendant was named in the policy as sole beneficiary. Her husband died and she received the fund in April, 1892. Thereafter the defendant contracted a debt to the plaintiff for the rent of

a dwelling house and he recovered a judgment therefor against defendant.

On the return of an execution unsatisfied, proceedings supplementary to execution were instituted upon the judgment, and upon examination of the defendant it was disclosed that she then had in her possession a part of the fund she received from the society, and the county judge of Monroe county ordered her to pay the judgment and costs of the proceedings out of said money, and from said order this appeal was taken.

It is the contention of the appellant that the money was by law exempt from execution. The act by which said society was incorporated provided that the beneficiary fund should be exempt from execution and should not be liable to be seized, taken or appropriated by any legal or equitable process to pay any debt of the deceased member.

It was held by this court in the case of *Bolt* v. *Keyhoe* (30 Hun, 619) that money received from this same society by a widow of one of its members who was named as beneficiary was not exempt from the claims of her creditors. The decision was made in October, 1883, and the following winter chapter 116 of the Laws of 1884 was passed which extended the exemption to the beneficiary fund paid the widow as to her debts.

A general act providing for the organization of fraternal beneficiary societies was passed in 1889 (Chap. 520). It contained a provision permitting any such society theretofore incorporated to reincorporate under said act. It contained a like provision as to exemption as the act of 1884. The United Workmen's order never reincorporated under the act of 1889. Article 7 of the General Insurance Law of 1892 (Chap. 690) also provided for the incorporation of such societies and for the reincorporation of societies theretofore incorporated.

Section 292 provided that the provisions of the act, so far as they were substantially the same as those of the laws existing on September 30, 1892 (the day before the act of 1892 took effect), should be construed as a continuation of such laws modified or amended according to the language of the act of 1892, and not as new enactments, and should be applicable to all corporations formed under laws repealed by said act. The acts of 1884 and 1889, above referred to, were repealed by the act of 1892; but, as we have seen, the provis-

ions of said acts as to exemption were retained in force; the 1892 act entertained a like exemption as the former acts referred to.

The defendant, coming into possession of the fund when the acts of 1884 and 1889 were in force, was entitled to the benefit of their provisions, which, as we have seen, exempted the fund from the claims of her creditors as well as those of her deceased husband.

The exemption provided for is general in its terms; it exempted the fund from execution for the debts of the widow, no matter when or how contracted. It is suggested that if it is exempt as to debts contracted prior to the time the fund is received, the exemption should not be extended to debts thereafter contracted. If such a distinction is to be made the reason for it is not found in the language of the statute; its language is clear and explicit, "any debt or liability."

The purpose of the statute was to afford protection to the widow and children of the member at the time when they were likely to especially need assistance; it being a beneficent statute, it should be liberally construed to effectuate the intention of the Legislature.

It is suggested that such a construction will be likely to work injustice to creditors who may extend credit, relying upon the fact that the widow has the fund; not so; if the fund is exempt the creditor would not be likely to be deceived and give credit upon the strength of it, knowing that he is helpless to reach it.

Our attention has not been called to any case where the precise question has been adjudicated. Analogous cases have arisen under the law exempting pension moneys (Code Civ. Proc. § 1393). The following cases sustain our conclusions: *Youmans* v. *Boomhower* (3 T. & C. 21); *Holmes* v. *Tallada* (125 Penn. St. 133); *Stockwell* v. *The National Bank of Malone* (36 Hun, 583); *People ex rel. Scott* v. *Williams* (6 Misc. Rep. 185); *People ex rel. Breed* v. *Wells* (10 id. 195).

We are of opinion that the fund was exempt, and this leads to a reversal of the order.

The order appealed from should be reversed and the motion denied, with ten dollars costs and disbursements.

DWIGHT, P. J., and BRADLEY, J., concurred; HAIGHT, J., absent.

Order of the county judge of Monroe county appealed from reversed and motion denied, with ten dollars costs and disbursements.