PEOPLE ex rel. KENNY et al. v. REILLY et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. TAXATION—EXEMPTION—ASSESSMENT ROLL—SCHOOL AND HIGHWAY TAXES.
   Property exempt under Laws 1897, c. 347, providing that certain property shall be exempt from taxation, except for local school purposes and for highway taxes, should not be stricken from the roll, but should be marked "exempt," so that it may be made the basis of assessment for school and highway purposes.
2. SAME—PROPERTY PURCHASED WITH BOUNTY MONEY.
   Property purchased with bounties received from the United States for military services is not exempt from taxation, under Code Civ. Proc. § 1393, providing that such bounties and pensions are exempt from levy of execution or seizure for taxes, except that real property purchased with the proceeds of a pension is subject to seizure for taxes lawfully levied against it, and Laws 1897, c. 347, providing that all property exempt from execution shall be exempt from taxation, except that real property purchased with the proceeds of a pension is subject to taxation for local school purposes and for street and highway taxes.

Appeal from special term.

Application by the people, on the relation of Bernard Kenny and others, against John Reilly and others, as assessors of the town of Highlands, for an order directing the defendants to strike assessments against them from the assessment roll. Decree for relators, and defendants appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William Vanamee, for appellant assessors.

Benjamin McClung, for respondents.

WOODWARD, J. There would seem to be no reason to doubt that the order appealed from, in so far as it relates to the respondent Mrs. Lewis, should be modified in conformity with the provisions of chapter 347 of the Laws of 1897. Her name should not be stricken from the roll, but it should be followed by the word "exempt," as provided by the statute, so that it may be made the basis of assessment for school and highway purposes.

As to the other respondents, we are unwilling to extend the operation of statutes exempting property from taxation beyond the plain and obvious intention of the legislature. If it is the purpose of the legislature to exempt any class of persons or property from taxation, that intention should be clearly expressed, and the courts are not justified in going beyond the limits clearly marked by the statutes. Section 1393 of the Code of Civil Procedure was amended in 1897, and provides that:

"The pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the state of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a state, for military or naval services; a sword, horse, medal, emblem or device of any kind presented as a testimonial for services rendered in the military or naval service of the United States or a state; and the uniform, arms and equipments which were used by a person in that service, are also exempt from levy and sale, by virtue of an execution, and from seizure for non-payment of taxes, or in any other legal proceeding; except that real property purchased with the proceeds of a pension granted by the United States for military or naval services, and owned by the pensioner, or by his wife or widow, is subject to seizure and sale for the collection of taxes or assessments lawfully levied thereon."

On the same day that the above act became a law, chapter 347 of the Laws of 1897 received the sanction of the governor. This act amended subdivision 5 of section 4 of chapter 908 of the Laws of 1896, and provided that all property exempt by law from execution, other than an exempt homestead, shall be exempt from taxation; but it is further provided that real property purchased with the proceeds of a pension granted by the United States for military or naval services, and owned and occupied by the pensioner, or by his wife or widow, is subject to taxation for local school purposes, and for the construction and maintenance of streets and highways. Accepting the facts alleged in the petition as true,—that the petitioners purchased the properties against which the assessments were made, and paid for them out of the bounty paid by the United States, or from the pay which they received for services rendered to the government,

—are they, as a matter of law, entitled to exemption? No good reason occurs to us, nor is any such reason suggested by counsel, why the bounty and pay of a soldier, when invested in real property, should be wholly exempt from taxation, while the pension of a disabled soldier, under the same circumstances, should be called upon to contribute to the local school expenses and those of the highways. The court, in the case of Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, held that, where the receipts from a pension can be directly traced to the purchase of property necessary or convenient for the support and maintenance of the pensioner and his family, such property is exempt; the argument of the court in extending the protection beyond the words of the statute being that the legislature intended to protect the soldier, "to secure to him the bounty of the government, free from the claims of creditors, and to insure him and his family a safe, although modest, maintenance, so long as their needs required it." But the state, in hiring a soldier, and in paying him a premium above his regular compensation, owes no such obligation of protection. It has done its full duty, as to him, when it has provided that his pay and bounty, as such, shall not be subject to seizure for nonpayment of taxes or in any other legal proceeding. The provision of the statute (chapter 348, Laws 1897; Code Civ. Proc. § 1393) that "the pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the state of New York," shall be exempt from levy under an execution, is in effect the same as the provisions of sections 1879 and 2463 of the Code of Civil Procedure, which provide that the earnings of the judgment debtor for his personal services, rendered within 60 days next before the commencement of the action, where it is made to appear, by his oath or otherwise, that those earnings are necessary for the use of a family wholly or partly supported by his labor, shall be exempt from seizure; and it is entitled to no greater consideration at the hands of the court. The fact that the legislature has had this section of the Code of Civil Procedure before it since the decision in the case of Bank v. Carpenter, supra, and that it has made special provision for collecting local school and highway taxes upon property purchased by the use of pension money, making no reference to property paid for by the bounty and pay of soldiers, furnishes a strong presumption that the legislature never intended to exempt such bounty and pay beyond the period of its use in the purchase of exempt property for the use and enjoyment of the soldier, or those who were permitted to share it with him; and, in the absence of direct language, there can be no justification for extending indefinitely the list of exempt property in this state. It opens the way to abuses in taxation which cannot fail to be far-reaching in their effect upon the revenues of the state, if given the sanction of the courts; and considerations of public policy warrant this court in insisting that, if it is the intention of the legislature to extend exemptions to property purchased with money received as bounty or as pay for military services, this intention shall be clearly expressed. It is too much that the courts should be called upon to extend the provisions of stat-

utory law in favor of the few as against the rights of the many, and we are thus brought to the conclusion that the order appealed from, in so far as it affects this class of the respondents, should be reversed, with costs.

Order modified as to respondent Lewis so that her name remain on the tax roll, the same to be followed by the word "exempt." As to the other respondents, order reversed, with $10 costs and disbursements, and application denied, with $10 costs. All concur.