BULL v. CASE.

(Supreme Court, Appellate Division, Second Department. June 13, 1899.)

EXEMPTIONS—MONEY PAID BY BENEFICIAL ASSOCIATIONS.

Under Laws 1892, c. 690, § 238, providing that all money or other benefits to be paid, provided, or rendered by any beneficial association shall be exempt from execution, neither money which has been paid to the beneficiary, nor securities in which it has been invested, are exempt, since the exemption is confined to cases where the benefits are "to be paid."

Goodrich, P. J., and Woodward, J., dissenting.

Appeal from special term, Orange county.

Action by Stephen M. Bull against James P. Case. From an order setting aside a levy by the sheriff of Orange county on a bond and mortgage owned by defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Caleb Birch, Jr., for appellant.
C. E. Cuddeback, for respondent.

CULLEN, J. The Supreme Council of Royal Templars of Temper-ance was organized by a special statute (chapter 586, Laws 1880), which gave insurance moneys or benefits effected in it no exemption from the claims of the creditors of the person to whom such benefits were payable. The defendant cannot claim exemption under the gen-eral statute of 1883 (chapter 175, Laws 1883), which provided that the money or other benefit to be paid by the corporation shall be exempt from execution, and not liable to be seized to pay any debt or liability of a member (section 19), for the defendant was not a member of the corporation (Bolt v. Keyhoe, 30 Hun, 619); nor under chapter 116 of

the Laws of 1884, for that statute extended the exemption granted by the earlier act only "to that part of such beneficiary fund paid to the widow of a deceased member of such corporation," and not to moneys paid to other beneficiaries. These two statutes have been repealed by the insurance law. We have referred to them, however, lest any claim may be made by the defendant that the insurance of the deceased was effected while these acts were in force, and that his tenure of the property attached must be determined by the provisions of those acts. The right of the respondent must stand, therefore, if at all, on the provisions of section 238 of the insurance law (chapter 690, Laws 1892), that:

"All money or other benefit, charity, relief or aid to be paid, provided or rendered by any such society, order or association, whether voluntary or incorporated under this article or any other law, shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt or liability of a member, beneficiary, or beneficiaries of a member."

The first question presented is the proper construction of this provision. Does "money or other benefit  *  *  *  to be paid, provided or rendered by any such society," include the case of money after it has been actually paid over and received by the beneficiary, or is the expression confined to cases where the insurance or benefit contracts are outstanding, and have not as yet matured, or the sums due thereon been paid? The next question is whether such money, after its payment to the beneficiary, is exempt from execution, not only while it remains as money, but also when invested in securities or in real or personal property. If the mortgage of the defendant is in this case exempt from attachment, it would seem that not only is it equally exempt from taxation, and, if the money should be applied to the purchase of real estate, such real estate would also be exempt from taxation. Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108; Tax Law, § 4; People v. Feitner, 157 N. Y. 363, 51 N. E. 1002. Nor does there seem to be any limit to the amount of the exemption that would thus be obtained. The deceased on whose life the insurance was effected might be a member of many societies, and the same person be the beneficiary in each case. Nor is there, under the statute, any requirement that the beneficiary shall be in any way dependent upon the deceased for support. The membership or insurance may be effected for the purpose of securing payment to a creditor of the member, and in such case it would seem to be beyond the power of the member to change the beneficiary. Smith v. Society, 123 N. Y. 85, 25 N. E. 197. Thus, if the decision of the special term is to be upheld, a man might receive $5,000 from the insurance of his debtor in one of these societies, and, as recipient of that sum, would hold it ever afterwards free from any liability for his own debts, and free from any liability to taxation. Even a homestead is subject to taxation. A trust fund, the income of which is to be applied to the beneficiary during life, is not only subject to taxation, but the surplus income above the amount necessary for the support of the beneficiary is applicable to his debts, while the beneficiary himself has no power of disposition over it. In this state there is

but a limited class of personal exemptions, such as is claimed for the defendant in this action. The pension of the veteran, in whatever form of money or property it exists, so long as in the hands of himself or his wife or widow, is exempt both from the claims of creditors and from taxation. The reason of this special privilege is plain. Pensions are granted only to the soldier whose disability has been occasioned by service to the country, and who has thus become incapacitated, either in whole or in part, from providing for himself and his family. It is but just that the creditors should have no claim on the property which proceeds solely from the bounty of the government, and that he who has supported the state by service in war should be relieved from further contributions to its maintenance while in a dependent condition. Certainly no public policy can justify building up what may be an extensive class of property, free from creditors and free from taxation, not because of any service the owner has rendered to the state, not because of his dependent condition, but solely because it is the proceeds of money received from fraternal societies. I am sure the legislature never intended to accomplish such a result, and no such intent should be ascribed to it, unless it has used language too plain to admit of misconstruction. I think full effect can be given to this provision by confining the exemption to the time when the insurance is still outstanding and before it has matured,—while it is still, under the words of the statute, "to be paid." But, after it has been paid to the beneficiary, I think it assumes the same condition as other property liable for the owner's debts, and subject to taxation. This view does not necessarily conflict with the decision in Re Lynch, 83 Hun, 462, 31 N. Y. Supp. 767, affirmed, on opinion below, in 150 N. Y. 560, 44 N. E. 1125. There the insurance, after payment to the widow, was held exempt from the claims of creditors. The case arose under the statute of 1884, which extended the exemption "to that part of such beneficiary fund paid to the widow." The statute in one case exempts the fund when "paid"; in the other case, only as long as it is "to be paid." The difference between the language employed in the two statutes is marked, and, we think, indicates a difference of intent. But, if it were assumed that the money received by the defendant was exempt from attachment so long as it remained in the condition of money or as a deposit in the bank, we think that when it was invested on mortgage the defendant lost the exemption. Immunity from seizure by creditors and immunity from taxation are, as a rule, under our tax laws, co-extensive. We have held at this term (People v. Reilly [Sup.] 58 N. Y. Supp. 558) that real estate purchased by bounty moneys, or pay of soldiers when invested in real estate, is not exempted from taxation. The rule is the same whether invested in personal property or in real estate. It necessarily follows that the mortgage held by the defendant was liable to taxation, and equally liable to attachment.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied. All concur, except GOODRICH, P. J., and WOODWARD, J., dissenting.

GOODRICH, P. J. I cannot agree with the prevailing opinion, and for the reasons stated below:

The plaintiff sued for the recovery of $1,220.23, and obtained a warrant of attachment against the property of the defendant, on the ground of a fraudulent disposition or concealment of his property. The sheriff levied upon a bond and mortgage for $1,500 made by Cyrus B. Case to the defendant on June 29, 1896. The defendant's wife was a beneficiary member of the Supreme Council of Royal Templars of Temperance, which had issued its certificate to the defendant as her beneficiary. She died on January 18, 1896. On the surrender of her certificate according to its terms and the constitution and by-laws of the society, the latter issued to him the draft of the council of the order for $2,000, the amount named in the certificate. On June 29th the defendant indorsed the draft to Cyrus, and received in return the bond and mortgage in question and his note for $500. This constitutes a clear identification of the moneys received from the society with the money secured by the bond and mortgage in question. The question raised upon this appeal is whether the money secured by the bond and mortgage is exempt from the levy of the sheriff. The court at special term held that it was, and the plaintiff appeals.

The society in question was incorporated by a special act of the legislature (chapter 586, Laws 1880). Section 3 provides as follows:

"The objects of said corporation shall be to improve the moral, mental and social conditions of the membership of the order; to induce men to lead sober, industrious and Christian lives; to prevent, by just means, the growth of intemperance; to aid in saving from its evil effects those already addicted to intemperate habits, and to aid and assist the membership and their families in case of want, sickness or death."

The insurance law (chapter 690, Laws 1892) contains in certain sections the culmination of previous legislation upon the exemptions of moneys received from fraternal societies by members or beneficiaries, and it is not necessary to trace previous legislation upon the subject. Section 230 of that act authorizes the incorporation of "fraternal beneficiary societies" for the relief of members or beneficiaries in case of sickness, disability, or death; and section 233 provides that all beneficiary societies, orders, or associations theretofore existing, the members of which are proposed and elected in subordinate lodges, councils, or other bodies, according to their constitutions and by-laws, shall be "mutual fraternal benefit societies." The charter, constitution, and certificate of the Royal Templars of Temperance, contained in the record, show that it had a supreme council and subordinate councils, and membership therein, and that the certificate for $2,000 was issued by the supreme council to the defendant's wife as a member of one of said councils, so that the society is clearly brought under the operation of the act of 1892; and this brings us to the question whether the money received on the certificate was exempt from levy under process against a beneficiary.

Section 238 declares:

"All money or other benefit, charity, relief or aid to be paid, provided or rendered by any such society, order or association, whether voluntary or incorpo-

rated under this article or any other law, shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt or liability of a member, beneficiary, or beneficiaries of a member."

It seems clear to me that under this provision the money received from the society was exempt from execution or process, and as the money is clearly traced into, and identified with, the bond and mortgage, they also are exempt from a levy under the attachment.

The argument of the prevailing opinion is based on the theory that, while the money remains exempt before and until it is paid to the beneficiary, yet such exemption ceases the instant the money is actually paid. It is difficult for me to discover any benefit which would accrue to the beneficiary under such a construction. The beneficiary is told that as long as his claim is unpaid it cannot be reached by a creditor, but as soon as it is paid his creditor can seize it. This is keeping the promise to the ear and breaking it to the hope. The manifest intention of the legislature was to enable a person to provide means which after his death should go to the support of persons dependent upon him in his lifetime, and likely to be left in need by reason of his death. To my mind it seems unreasonable to say that so long as these beneficiaries are not reaping, and cannot by collecting the money resulting reap, any benefit from the prudent foresight of their supporter, the money is exempt from execution, but that, as soon as they do collect, any creditor may seize it; and yet this is the logical deduction of the prevailing opinion, and to such a proposition I cannot assent.

The plaintiff also contends that the section is limited to societies existing at the time of its passage, which should reincorporate under the permission contained in section 231. This contention is disposed of by In re Lynch, 83 Hun, 462, 31 N. Y. Supp. 767, where the court laid down a contrary doctrine. This case was affirmed by the court of appeals on the opinion below. 150 N. Y. 560, 44 N. E. 1125. Association v. Newkirk (Sup.) 16 N. Y. Supp. 177, cited by the plaintiff, was decided by Mr. Justice Vann at special term in 1888, but it can hardly be considered authoritative now, since he did not dissent from the decision affirming In re Lynch, supra, though he did not vote. I think that the order should be affirmed.

WOODWARD, J., concurs.