Louis Amberg and William F. Grell, Sheriff of the County of New York, Respondents, v. The Manhattan Life Insurance Company of New York, Appellant.

56   343<br>r171 NY 314

*Right of a wife to the amount payable under a matured policy upon her husband's life — it is exempt from the claims of the wife's creditors — when the exemption ceases.*

The exemption in favor of a wife contained in chapter 80 of the Laws of 1840, relating to insurance upon the life of a husband for the benefit of his wife, that the "sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her, to and for her own use free from the claims of the representatives of her husband or of any of his creditors," operates to prevent a creditor of the wife from reaching by attachment or judgment her interest in a policy of insurance issued by an ordinary life insurance company on the life of her husband after the policy has matured, and before payment to her by the company of the proceeds.

*Semble*, that the exemption ceases when the proceeds of the policy have been actually paid to the wife, unless the policy was issued by a fraternal beneficiary society, the law providing for the organization of which contains a provision exempting the beneficiary fund from execution or from being reached or taken by "any legal or equitable process."

Appeal by the defendant, The Manhattan Life Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 27th day of June, 1900, upon the verdict of a

jury rendered by direction of the court, and also from an order entered in said clerk's office on the 26th day of July, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Edward S. Rapallo,* for the appellant.

*Alexander Blumenstiel,* for the respondents.

O'BRIEN, J.:

The plaintiff Amberg on August 31, 1899, commenced an action and procured an attachment against Blanche Bourbon, and on January fifth obtained judgment against her. The attachment was levied upon her interest in a policy of insurance issued by the defendant company on the life of her husband, Emanuel Bourbon, which policy became due on May 24, 1899. The present action is brought by Amberg, as judgment creditor, and the sheriff, in aid of the attachment levied upon the funds which were due but not actually paid by the insurance company to Blanche Bourbon. The court directed a verdict for the plaintiff, holding that the amount payable to the wife upon the policy was not exempt by statute from claims of her creditors.

The exemption referred to in favor of a wife is that contained in chapter 80 of the Laws of 1840 that the "sum or net amount of the insurance becoming due and payable, by the terms of the insurance, shall be payable to her, to and for her own use free from the claims of the representatives of her husband or of any of his creditors."

This exemption has been extended by the courts to include the creditors of the wife, but the respondent contends that the exemption does not protect money actually due but not paid by the insurance company.

There are many cases relating to such exemptions in favor of the widow and children dating back to the time when it was impossible for the wife even to assign her interest in a policy upon her husband's life. A typical case is that of *Leonard* v. *Clinton* (26 Hun, 288), where Judge RUMSEY said : " Before 1873 the wife could not assign these policies. \* \* \* Chapter 821, Laws of 1873, permitted a married woman, having no children, to assign these policies by deed. Mrs. Clinton had children and her attempted assignment

was not a deed.    There was, therefore, no assignment and her children took no title to her share of the policy    *    *    .*    they took nothing for which they can be compelled to account to her creditors. *We do not think* that policies taken out under this act are subject to the claims of the creditors of the wife.    They are intended as a provision for the support of the widow and children of the husband after his death.    When the statute authorizing such policies to be issued was first passed, a wife would not under ordinary circumstances have creditors.    The law has from time to time since then extended her rights and increased her liabilities, but it has not changed the nature of her contingent interest in these policies, nor has it decreased the necessity for keeping them for her support. The decisions seem to regard them as free from the claims of creditors."    So, also, in *Baron* v. *Brummer* (100 N. Y. 372) it was held that a wife could not be compelled to assign a policy, nor the avails thereof be appropriated in advance to the payment of debts, and it was said, referring to chapter 80, Laws of 1840, " Under these various provisions it was the intention of the legislature, as settled and determined by the courts in the cases already cited, that such policies should not be subjected to the lien of creditors either of the husband or the wife ; as to the former by the express words of the statute, and as to the latter by the determination of the courts, and there is no ground for claiming that either the policy or the proceeds which might arise from the same before such payment is made are subject to be reached in advance by a creditor, or that the policy can be assigned and held by the decree of a court of equity for the benefit of creditors, until it becomes due and payable."

In *Smillie* v. *Quinn* (90 N. Y. 492), where a wife had made an assignment to her children, and creditors attempted to set it aside, it was held that they could not attack the assignment, as " it would certainly be in violation of the spirit and policy of the law to allow her creditors to come in and avoid assignments which she had made, either for her benefit or the benefit of her children, and thus sweep away the whole insurance."    Also, in *Brick* v. *Campbell* (122 N. Y. 337) it was said " the protection of widows and orphans is the prominent reason assigned by the courts for holding such policies unassignable."

After the fund had been received by the wife it has been held that there is no exemption from the claims of her creditors (*Bolt* v. *Keyhoe*, 30 Hun, 619), and if she has deposited it in a bank to her own order they may reach it. (*Crosby* v. *Stephan*, 32 Hun, 478.) And in *Bull* v. *Case* (41 App. Div. 391) it was said that an exemption given to benefit associations by another statute " is confined to the time when the insurance  *  *  *  is still outstanding, and before the right of the beneficiary to recover thereon has matured and the amount due has been paid."

To summarize the authorities, therefore, it has been held that the interest of a wife in a policy of insurance, whether an endowment policy or one payable on the death of her husband, is a mere chose in action, non-assignable except in the limited manner allowed by statute, and, before realization, cannot be reached or attached for her own or her husband's debts. After the proceeds have been paid to her, however, they may be reached by her creditors unless the policy is one issued by certain fraternal beneficiary societies, the act providing for the organization of which contains a provision exempting the beneficiary fund from execution or from being reached or taken by " any legal or equitable process." (*Matter of Lynch*, 83 Hun, 462; affd., 150 N. Y. 560.) In the *Lynch* case it was held that the amount received by a widow as beneficiary under a policy of insurance issued to a member of a fraternal society, is exempt from the claims of her creditors as well as those of the creditors of her deceased husband. This exemption was predicated upon the express language of the statute, which authorized the organization of the fraternal association, and such statutory exemption has no application to an endowment or life policy issued, as in the case at bar, by one of the ordinary life insurance companies.

The precise question which we are called upon to determine is, can a creditor of a wife reach, by attachment or judgment, her interest in an ordinary policy on the life of her husband after the policy has matured and before payment of the proceeds? This question has never been directly passed upon in any case to which our attention has been called, except in that of *Commercial Travelers' Association* v. *Newkirk* (16 N. Y. Supp. 177). Although a Special Term decision, the ability and eminent position of Judge Vann, who wrote the opinion, entitles it to great weight, and

necessitates a careful examination of the reasoning upon which the decision is based. The policy, it appears, was issued there by a co-operative or assessment life insurance association similar to the society which issued the policy involved in *Matter of Lynch* (*supra*). The learned judge who wrote the opinion of Special Term was a member of the Court of Appeals when the *Lynch* case was affirmed, but he did not vote.

In *Commercial Travelers' Association* v. *Newkirk* (*supra*) it was held, for the reason that the plaintiff did not reincorporate under the statute of 1883 (Chap. 175), but was doing business under the statute of 1848 (Chap. 319) (which contained no exemption of the beneficiary fund), that, therefore, the exemption extended to the policies issued by such association did not apply, and the policy under consideration was to be regarded the same as though it were an ordinary endowment or life policy to which, if any, only the exemption of the earlier act of 1840 (Chap. 80), with its amendments, applied. And the rule was stated that "where the life of the husband has been insured for the benefit of his wife, after his death, no exemption attaches in favor of the wife and against her creditors to the proceeds of the insurance, either before or after the money has been paid to her." In the opinion Judge VANN said: "There is no foundation for a distinction between a policy which has become payable, with the money ready to pay it, and the proceeds of such policy when actually paid. Unless both are exempt, neither is exempt. If one is assignable, both are assignable. All property that can be voluntarily disposed of by the owner unless exempt by legislative enactment, may be reached by creditors."

There is undoubted force in this argument, but we think, if followed, it would overrule the principles applied in the cases to which we have called attention, and which were based upon a construction of the intent and meaning of the exemption contained in the act of 1840. Neither the language of the statutes nor the cases construing them make the distinction here claimed, that the exemption is applicable to the policy alone and not to the proceeds of the policy due but unpaid. The statutes declare that in case of the wife surviving her husband, "the sum or net amount of the insurance becoming due and payable, by the terms of the insurance, shall be payable to her to and for her own use, free from the claims of the representatives of

her husband, or of any of his creditors." (See Laws of 1840, chap. 80, and Laws of 1858, chap. 187, as amd. by Laws of 1870, chap. 277.) These statutes do not state or declare in terms that the policy alone is exempt, but provide that the exemption shall be applicable to the net amount coming due by the terms of the insurance. Except as allowed by statute, it is clear that the interest of the wife in the policy before maturity is an unassignable chose in action, and we doubt if her interest after maturity and before the proceeds are paid to her, is enlarged or extended. In other words, it is doubtful if it is such a kind of property as can be disposed of by her voluntarily, either before or after the maturity of the policy. The language of the statute is that the net amount " shall be payable to her," which would justify the inference that until an actual payment to her of the proceeds, the exemption from the claim of creditors or third persons continues. Until that time her interest is a non-assignable chose in action, an interest in the contract of insurance, and the right to reach such interest is forbidden by the statute.

It is a natural error to fall into to apply to a wife's interest in a contract of insurance the same rule that is applicable to other contract rights which she may possess, and which, under the enabling statutes relating to married women, she has the right to assign and dispose of as though she were single, or which might be reached by creditors. We can recall instances, however, where, as the result of statutory enactment or of settled policy, the courts have refused to give to certain property rights the ordinary incidents or assignability or liability to attachment. Thus the courts have refused to permit alimony payable to a wife to be attached (*Romaine* v. *Chauncey*, 129 N. Y. 566), or to permit pension money to be levied upon. In the *Romaine* case an analogy was drawn to the exemption of the act of 1840 as to life insurance, and it was said, " In both cases a thing which might have had the general and ordinary characteristics of property, transferable by sale and liable to creditors, is taken out of that broad category by the terms of the statutes, whose obvious purpose and aim require a restriction and limitation to which property in general is not subjected."

In one of the earliest cases (*Eadie* v. *Slimmon*, 26 N. Y. 9), after referring to the distinction between the interest of a married woman in an ordinary contract and a contract of insurance, Judge DENIO,

who wrote the opinion therein, said : " These features distinguish this case from that of an ordinary chose in action belonging to a married woman as her separate estate. The provision is special and peculiar, and looks to a provision for a state of widowhood and for orphan children ; and it would be a violation of the spirit of the provision to hold that a wife, insured under this act, could sell or traffic with her policy as though it were realized personal property or an ordinary security for money."

If we disregard the ordinary rules applicable to other contracts in which the wife has an interest, and keep in mind what was the intent of the Legislature with respect to a wife, the policy as construed by the courts, we think a distinction must be made " between a policy which has become payable with the money ready to pay it, and the proceeds of such policy when actually paid," because, if the intent is, as the language seems to imply, that the net amount is payable to the wife, then the exemption of the statute exists until such payment is actually made to her. We regard the reasoning of the cases holding that the interest of the wife in a policy before maturity is exempt, as equally applicable to her interest after maturity and before the proceeds are actually paid to her, because to hold otherwise would be to limit the scope of the statute and defeat the legislative intent which, undoubtedly, is that the sum or net amount shall be first paid to the wife for her own use, free from the claims of her own or her husband's creditors. The protection of the wife is aimed at ; the payment to her, the thing guaranteed.

We think, therefore, that the judgment and order should be reversed and the complaint dismissed, with costs.

Van Brunt, P. J., Ingraham, McLaughlin and Hatch, JJ., concurred.

Judgment and order reversed and complaint dismissed, with costs.