## WILLIAM·H. MARTIN

### v.

## BENJAMIN D. MARTIN.

*Opinion filed October 19, 1900.*

1. BENEFIT SOCIETIES—*section 9 of act of 1893 construed.*, Section 9 of the act of 1893, on fraternal societies, (Laws of 1893, p. 130,) providing that "the money * * * to be paid * * * by any society * * * shall not be liable to attachment * * * or other process, * * * and shall not be seized, taken, appropriated or applied * * * to pay any debt or liability of a certificate holder or of any beneficiary," etc., is designed only to protect the societies from legal process by creditors of their members or beneficiaries.

2. GARNISHMENT—*money paid over by benefit society to beneficiary's agent is liable to garnishment.* Money belonging to a beneficiary, collected by his agent on a benefit certificate issued by a society organized under the act of 1893, is liable to garnishment in the hands of such agent by a creditor of the beneficiary, since section 9 of the act of 1893 does not apply to money which had been paid over by the society.

*Martin* v. *Martin*, 87 Ill. App. 365, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McDonough county; the Hon. G. W. THOMPSON, Judge, presiding.

SWITZER & MELOAN, for appellant.

SHERMAN & TUNNICLIFF, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question for decision on this appeal is, whether money belonging to a beneficiary, collected by his agent on a certificate issued by a fraternal beneficiary society organized under the act of June 22, 1893, is liable to garnishment in the hands. of such agent by a creditor of the beneficiary or is exempt by virtue of section 9 of said act. Said section is as follows:

"Sec. 9. The money or other benefit, charity, relief or aid to be paid, provided or rendered by any society authorized to do business under this act, shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or of any person who may have any right thereunder." (Hurd's Stat. 1897, p. 971.)

The question arose on demurrer of the garnisher to the answer of the garnishee, who had collected the money from the society and held it as the agent of the beneficiary. By the judgments of the circuit and Appellate Courts the demurrer was sustained and the money held liable to garnishment. We are of the opinion that no error has been committed and that the judgments are correct. We cannot find from the language used in said section 9 that it was the intention of the General Assembly to exempt altogether from legal process, and put beyond the reach of creditors of the beneficiaries, all moneys collected upon such certificates. It is clear that such money is exempt before it is paid by the society, and that the society itself cannot be garnished for such demands. The language of the statute seems to confine the exemption, so far as applicable to a case of this character, to money *to be paid* and not to extend it to money after it has been paid. Here it had been paid and the society was discharged. We are of the opinion that it was the purpose of the General Assembly to protect such associations, and the fund in their hands, from legal process by creditors of their members and their beneficiaries before payment, rather than to follow the money after it has been paid over into the hands of the beneficiary and exempt it there from his debts. Such was the construction given to a similar statute in *Bull* v. *Case,* 58 N. Y. Supp. 774. Some other cases are cited to the contrary

by appellant, but we regard the interpretation we have given the statute as the better one. It might prove a great embarrassment for such associations not organized for pecuniary profit, having a large membership, to be compelled to respond to legal process at the instance of creditors of beneficiaries seeking to collect their demands from the society as soon as the beneficiary's legal claim accrued. But whatever may have induced the enactment of this provision, we would not be authorized to extend, by construction, the exemption beyond the limit which the statute, by the language employed, seems to have fixed.

It is contended by counsel for appellee that to give the statute the construction contended for by appellant would render it unconstitutional, because, as it is said, the subject of a general exemption of the fund is not embraced in the title of the act. We do not deem it necessary to decide whether this would be so or not, but it may be said that, so far as the title may be looked to as an aid to the ascertainment of the meaning of the statute, it lends no support to the construction contended for by appellant, but rather to that insisted upon by appellee, for the title shows that the purpose of the act relates to the organization and management of such societies for the furnishing of life indemnity or pecuniary benefits to beneficiaries, and to the control of such societies,—that is, relates to their organization, management and control, and not to the exemption of the benefits, after they have been paid over to the members or their beneficiaries, from the payment of their debts. In cases of doubt, recourse may be had to the title of a statute to aid in determining its meaning. (23 Am. & Eng. Ency. of Law, 328.)

Agreeing, as we do, with the courts below in their construction of the statute, the judgment must be affirmed.

*Judgment affirmed.*