EASTMAN HATHORN

*vs.*

JOHN ROBINSON AND SYLVESTER J. WALTON, Trustee.

| 96 | 33 |
| 98 | 336 |
| e98 | 342 |
| j98 | 344 |

Somerset.    Opinion December 12, 1901.

*Attachment.    Exemptions.    Frat. Ben. Organizations.    Stat. 1897, c. 320.*

The statute of 1897, c. 320, § 14, relating to Fraternal Beneficiary Organizations, provides that: "The money or other benefit, charity, relief, or aid to be paid, provided or rendered by any corporation, association or society, authorized to do business under this act, and as herein provided, shall not be liable to attachment by trustee, or other process, and shall not be seized, taken or appropriated, or applied by any legal or equitable process, nor operation by law, to pay any debt or liability of a certificate holder, or any beneficiary thereof." *Held:*—

That under this statute, money received by a beneficiary from such organization does not continue to be exempt any longer from attachment, or seizure upon execution, after it has come into his possession.

The statute gives protection and exemption only to money to be paid, and not to money paid and in a debtor's possession.

The framers of this statute may well be presumed, to have had good reason to know the probable construction of the statute, since they followed the language of another statute similar in effect that had long before been passed upon by this court, and in which it denied a debtor's claim of exemption of pension money after the money had actually gone into the possession of the pensioner.

Exceptions by trustee.    Overruled.

Debt on judgment by trustee process.    The case is stated in the opinion.

*H. D. Eaton,* for plaintiff.
*S. J. and L. L. Walton,* for trustee.

SITTING:  WISWELL, C. J., EMERY, SAVAGE, FOGLER, PEABODY, JJ.

WISWELL, C. J.    The plaintiff, a judgment creditor of the defendant, had summoned the latter before a disclosure commissioner. Upon his examination, it appeared that the defendant then had in his

immediate possession a sum of money, considerably more than the amount of the execution. But it was claimed by the debtor that this money could not be seized, or taken in any way, and applied to the payment of the execution, because it had been received by him as a beneficiary under an insurance policy issued by a fraternal beneficiary organization, known as the "United Order of the Golden Cross of the World," authorized to do business in this state under chap. 320, Public Laws of 1897; and that money so received was exempt from attachment or seizure upon execution, by reason of the provisions of that chapter.

A question arising between the parties and the counsel as to the validity of this contention, it was agreed by them that $500 of the sum in the debtor's possession, should be deposited in the hands of his attorney, and that suit should be commenced by the plaintiff upon his judgment, this money attached by trustee process, and the question submitted to judicial determination in such suit. Suit was accordingly commenced by trustee process, and upon the disclosure of the trustee, the court at nisi prius held that the trustee was chargeable. The case is before us upon an exception to this ruling.

The decision of the case depends upon the construction of section 14, chap. 320, Public Laws of 1897, which is as follows: "The money or other benefit, charity, relief, or aid to be paid, provided or rendered by any corporation, association or society authorized to do business under this act, and as herein provided, shall not be liable to attachment by trustee, or other process, and shall not be seized, taken or appropriated, or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a certificate holder, or any beneficiary thereof."

The question is whether under this statute money received by a beneficiary from such an organization continues to be exempt from attachment, or seizure upon execution, after it has come into his possession. It is evident that literally the statute does not go to this extent. It refers to the money or other benefit "to be paid." But it is argued that, if the effect of this statute is only to exempt such money before it is received by the beneficiary, the exemption would be of such slight value to him, that something more must have been

intended. Upon the other hand, it is difficult to understand why, if the framers of this statute meant to extend the exemption to money received from such a source after it has come into the possession of the beneficiary, they did not employ language that would make this meaning clear and explicit.

We can not believe that, if the legislature had intended to make so important and far-reaching an exemption, as is claimed by the defendant, it would have used the language above quoted. If the effect of this statute is to continue the exemption after the money has come into the possession of the beneficiary, such exemption might perhaps be claimed to follow the money, so long as its identity was preserved, in investments and in the purchase of property not otherwise exempt from attachment. As to this we, of course, do not intend to express an opinion; we refer to it merely to show that the consequences of such a continuing exemption are too important, and the questions involved in such a construction, are too serious, to permit us to give an effect to this statute far beyond that which would naturally follow from the ordinary meaning of the words used.

This court, in *Friend* v. *Garcelon*, 77 Maine, 25, 52 Am. Rep. 739, placed its construction upon a somewhat similar statute, section 4747, Revised Statutes of the United States, which is as follows: "No sum of money due or to become due to any pensioner, shall be liable to attachment, levy, or seizure, by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall enure wholly to the benefit of such pensioner." In that case the court said: "It is money due or to become due, and not money collected, that is protected by the law. . . . When the money is actually in the possession of the pensioner the protection is gone."

The language of the statute construed in that case, "no sum of money due or to become due to any pensioner," is very similar, in effect, to the language of this statute, "no money etc., to be paid." We think that this statute, like the one construed in the case cited, gives protection and exemption only to the money "to be paid," and not to money paid and in a debtor's possession.

Moreover, the opinion in the case of *Friend* v. *Garcelon*, supra, was announced long before the passage of this statute. On that account, the framers of this statute had good reason to know what the probable construction by this court would be of language similar in effect to the words in the federal statutes; with this knowledge, they deliberately used the language above quoted: this affords, we think, an additional reason for giving the statute the more literal and strict construction.

*Exceptions Overruled.*