<hr/>

(38 Misc. Rep. 669.)

### ETTENSON v. SCHWARTZ.

(Supreme Court, Special Term, New York County. September, 1902.)

1. EXEMPTIONS—BENEFIT INSURANCE.
    Under Laws 1901, c. 397, providing that all moneys which shall be paid by any fraternal insurance society shall be exempt from execution, and shall not be liable to seizure to pay any debt of a member of beneficiary, money due a widow from a benefit society as beneficiary of her husband is exempt from execution.

<hr/>

¶ 1. See Exemptions, vol. 23, Cent. Dig. § 75.

Action by Moses Ettenson against Sieba Schwartz. Judgment for plaintiff. Motion to compel payment of insurance money to sheriff to be applied on the unsatisfied judgment. Motion denied.

H. Kuntz, for the motion.

A. B. Jaworower, opposed.

GILDERSLEEVE, J. This is an application to compel two fraternal insurance societies to pay over to the sheriff certain moneys to be applied in payment of an unsatisfied judgment against the defendant in favor of the plaintiff. It is admitted that the societies hold these moneys in their treasuries to the credit of defendant as beneficiary of her husband, now deceased, who was a member of said societies. Chapter 397 of the Laws of 1901 provides that "all money, or other benefit, charity, relief, or aid, to be paid, provided or rendered, or which has heretofore been paid, or which shall hereafter be paid, provided or rendered, by any such society, order or association, whether voluntary or incorporated under this article or any other law, shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt or liability of a member, beneficiary or beneficiaries of a member." The learned counsel for the plaintiff, in support of the motion, refers me to the case of Bull v. Case, 41 App. Div. 391, 58 N. Y. Supp. 774, in which Mr. Justice Cullen, in construing a similar statute (Laws 1892, c. 690), held that the exemption from execution was confined to the time when the insurance or benefit contract was still outstanding, and before the right of the beneficiary to recover thereon had matured and the amount due had been paid. The statute of 1901, however, is more extensive in its operation than that of 1892, and, as we have seen, exempts not only all money to be paid, but also all money that has been paid, or shall hereafter be paid, under the benefit contract. It is my opinion that, in view of this statute, the court is without jurisdiction to grant this application. The motion must be denied, but, under the circumstances, without costs.

Motion denied, without costs.