Recor *v.* COMMERCIAL & SAVINGS BANK OF ST. CLAIR.

1. Exemptions—Evidence—Amount of Debtor's Property.
   On the issue whether money in the hands of a garnishee is exempt from garnishment, the amount of property owned by defendant is immaterial.

2. Garnishment—Motion to Quash—Questions in Issue.
   Whether an indebtedness owing by defendant to plaintiff accrued prior or subsequent to the death of defendant's husband is, if material, a fact to be disposed of by trial on the merits, and which cannot be summarily determined on a motion to quash a writ of garnishment.

3. Beneficial Associations—Exemptions—Proceeds of Certificate.
   The proceeds of a benefit certificate, which have been paid over by the association, and which are on deposit in a bank to the credit of the beneficiary, are not exempt under section 15, Act No. 35, Pub. Acts 1903.

Error to St. Clair; Tappan, J. Submitted October 19, 1905. (Docket No. 81.) Decided December 30, 1905.

Garnishment proceedings by Edward C. Recor against the Commercial & Savings Bank of St. Clair as garnishee defendant of Arabella Recor. There was judgment quashing the writ, and plaintiff brings error. Reversed.

*Henry Baird* and *Frank T. Wolcott,* for appellant.

*J. B. McIlwain* and *William Baird,* for appellee.

McAlvay, J. This is an appeal from a judgment entered in the circuit court for St. Clair county quashing the writ of garnishment and releasing the garnishee defendant. Plaintiff sued defendant in assumpsit for money paid by him for her use and benefit as part owner of a certain barge called "Golden Rule;" plaintiff being the managing owner of said vessel. The bank, garnishee defendant, was duly summoned, and disclosed an indebted-

ness in its hands, in cash, belonging to the principal defendant of $1,140. The principal defendant appeared and after pleading the general issue, made a motion to quash the writ of garnishment and discharge the garnishee defendant for the reasons that the alleged indebtedness arose prior to the death of her husband; that the only money on deposit to her credit in the bank was the proceeds of a benefit certificate held by her deceased husband in a fraternal beneficiary association; and that, under the provisions of the statute, such money is exempt from garnishment. This motion was heard upon affidavits, counter affidavits, and the files and records in the case. The pleadings are not set out at length in this record. From the bill of particulars it appears that the claim of plaintiff is that as owner of three-fourths of the barge "Golden Rule," he paid out moneys for the use and benefit of defendant, owner of a one-fourth interest in said barge, from March 29, 1902, to April 8, 1904. Said account sets forth all of the items debit and credit, and charges defendant with one-fourth of the balance.

In deciding the case the trial judge filed a learned opinion in which the authorities are cited and discussed at length, arriving at the conclusion that under the statute the money in the hand of the bank was exempt from garnishment. That this money was the balance of the proceeds of the benefit certificate does not appear to be disputed. The court found that this was the entire means of the principal defendant, and also that the indebtedness was incurred prior to the death of her husband. It seems to us that whether she had little or much property is entirely immaterial, and that the question as to whether the indebtedness accrued prior or subsequent to the husband's death, if material, was a fact in issue in the principal case, which plaintiff was entitled to try, and which could not be summarily disposed of upon motion. The material matter in dispute in this case is the construction of the section of the statute relied upon. The section reads as follows:

" SEC. 15. The money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this act, shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or of any person who may have any right thereunder. And all dues, assessments and other payments and the accumulations thereof, held and possessed by said association for the payment of death, sick or disability benefits, and the reserve, emergency and other mortuary funds of said association shall be exempt from taxation for State, county and municipal purposes." Act No. 53, Pub. Acts 1903.

It is claimed that under the provisions of this section the proceeds of the benefit certificate after having been paid by the fraternal order, and in the bank on deposit subject to check, is not liable to attachment, garnishment, or other process, and may not be seized or taken by any legal or equitable process, or by operation of law, to pay any debt or liability of the certificate holder, or of any beneficiary, or of any person who may have any right thereunder.

This question is for the first time before this court. In other States similar statutes have been construed, but the decisions are not harmonious. The earliest case is from New York. *Bull* v. *Case*, 41 App. Div. (N. Y.) 391 (affirmed 165 N. Y. 578). The wording of the New York statute is almost identical with the one in this State. The case arose in a suit by attachment against defendant, who had received the proceeds of a benefit certificate he held by his deceased wife, which proceeds he had invested in a mortgage. The attachment was levied upon this property which was claimed to be exempt from levy. The majority of the court held it not to be exempt, that the exemption was confined to money "to be paid."

The statute of Maine is identical in language with ours. In *Hathorn* v. *Robinson*, 96 Me. 33, the supreme court of Maine decided that money received by a beneficiary from

such organization does not continue exempt from seizure
or attachment after it has come into his possession; fol-
lowing the construction given a Federal statute in an
earlier case. *Friend* v. *Garcelon*, 77 Me. 25. This stat-
ute provided an exemption for pensioners:

"No sum of money due or to become due to any pensioner
shall be liable to attachment, levy, etc., whether the same
remains with the pension office, or any officer or agent
thereof, or is in course of transmission to the pensioner en-
titled thereto, but shall enure wholly to the benefit of such
pensioner." Section 4747, U. S. Rev. Stat.

In that case the court said:

"It is money due or to become due, and not money col-
lected that is protected by the law. * * * When the
money is actually in the possession of the pensioner the
protection is gone."

Illinois has a similar statute. It was construed by the
supreme court in *Martin* v. *Martin*, 187 Ill. 200. This
was a garnishee case like the one at bar. The court fol-
lowed the New York case of *Bull* v. *Case*, supra, holding
that the money collected from such society and in the pos-
session of an agent of the beneficiary, is subject to garnish-
ment for the beneficiary's debts.

In *Rumbold* v. *Supreme Council Royal League*, 206
Ill. 513, the same court cited and approved *Martin* v.
*Martin*, supra.

The statute of the United States (section 4747, U. S.
Rev. Stat.) providing for exempting pension money as
above quoted in the Maine case was construed in
Iowa. *Webb* v. *Holt*, 57 Iowa, 712, was a case of garnish-
ment where a bank was garnishee of a defendant,
who was a pensioner under circumstances similar to the
case at bar. The court held that after the money had
been paid to the pensioner it was no longer exempt. See,
also, *Spelman* v. *Aldrich*, 126 Mass. 113.

As to this pension statute a contrary doctrine has been
held in *Folschow* v. *Werner*, 51 Wis. 85; *Eckert* v. *Mc-*

*Kee,* 9 Bush (Ky.), 355; *Hayward* v. *Clark,* 50 Vt. 612. These last two cases cited can be distinguished, as in neither of them does it clearly appear that the proceeds of the check had come into the hands of the pensioner. In Minnesota, under a statute like the one in Michigan, with the exception that the words " to be paid " are omitted, and that it provides for exemption from seizure for the debts or liability of a member of the association only, the question has been before the Supreme Court several times. *In re How,* 59 Minn. 415, 61 Minn. 217. In that case a woman whose husband was deceased made an assignment for the benefit of creditors. In her inventory of assets she scheduled policies and proceeds thereof in the sum of $15,800, which her husband had in eight benefit associations, and claimed the entire sum as exempt under the statute. The court sustained this contention as to the whole amount. See, also, *Brown* v. *Balfour,* 46 Minn. 68 (12 L. R. A. 373). It appears from an examination of the cases that the weight of authority is in favor of a strict construction of this statute, all the courts so holding where the statute contains the words "to be paid." In New York, after the decision herein cited, the legislature amended the act.

If the construction is sustained as contended by defendant, the entire amount of money paid beneficiaries will be removed from being subjected to taxation or legal process. If the benefit is exempt in the form of money the claim will logically follow that a change to other personal property, or to real estate will be protected by law so long as it can be identified, and neither creditors or the State may reach it for any purpose. It would seem that the statement of the facts in the Minnesota case is very suggestive of the actual and practical operation of the construction claimed. There is under the statute no restriction as to the amount, and a creditor, if eligible to become a beneficiary in or to obtain rights under a certificate, can claim the same right to exemption as the members of the immediate family. We do not think the statute will bear

such an interpretation or that the legislature intended it should. The language of the statute does not so indicate. If the intention of the legislature had been to make so important and unlimited an exemption, it would have used language indicative of such intention. We do not so construe the language used.

The statute exempts money " to be paid." Before payment the fund cannot be reached by the creditors of the deceased or his beneficiary. It is preserved intact until after payment, when it becomes the sole property of the beneficiary, to be owned and held as any other property, not exempt from legal process unless made so by the general laws of the State.

The order quashing the writ of garnishment and releasing the garnishee defendant is vacated, and the cause will be remanded to the court below to proceed according to the provisions of the statute.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.