# Heflin *v.* Allem, *et al.*

## *Settlement of Estate.*

(Decided Feb. 3, 1909.   48 South. 695.)

*Exemptions; Property Exempt; Life Insurance.*—The Act of February 18, 1887, (Acts 1896-7, p. 1393), though an act to regulate the business of insurance, was not intended by section 32 thereof merely to protect insurance companies against harrassing legislation, but was intended to protect the insured's estate as well as his wife and children, and under it, the proceeds of the policy of insurance are not liable for the debts of insured's estate. Courts are not permitted to pass on the wisdom of the policy of the legislature in passing statutes.

APPEAL from Jefferson Probate Court.

Heard before Hon. SAMUEL E. GREENE.

Howell T. Heflin, as administrator of the estate of David O. Allem, filed his petition and vouchers for a settlement of said estate, whereupon Jesse L. Allem and other heirs petitioned to have the proceeds of the life policy of decedent set apart to them. From a decree rendered setting apart said policy to petitioner the administrator appeals. Affirmed.

WEATHERLY & STOKELY, for appellant.—The petition is based on section 2607, Code 1896, and the demurrers to it should have been sustained.—*Spellman v. Aldridge,* 126 Mass. 113; *Webb v. Holt,* 57 Ia. 712; *Kellog v. Waite,* 12 Allen. 529; *Friend v. Garcelon,* 52 Am. Rep. 739; *Martin v. Martin,* 58 N. E. 230; *Recor v. Recor,* 106 N. W. 82.

HUGH C. CRANE, and STERLING A. WOOD, for appellee.—The recent case of *Rayford v. Faulk,* 45 South. 714 has settled the validity of the insurance exemption statute, and on it this case should be affirmed.

16—160

SIMPSON, J.—David O. Allem died in Birmingham, leaving as his estate a policy for $1,000 in the Equitable Life Insurance Society of New York. The appellant, Heflin, became administrator of the estate of said Allem and collected the amount of the policy. Said decedent left no immediate family, his heirs being a father, mother, and one sister, according to the petition for letters of administration. Jesse L. Allem and Susanna H. Allem, the father and mother of said decedent, filed their petition, stating that they are the only heirs of said decedent, and claiming that, said proceeds of said policy not being liable to creditors, they are entitled to the same. The prayer is that said sum of $1,000 be set aside to them and that said administrator be ordered to pay the same to them. Said administrator filed a demurrer to said petition, which was overruled. The administrator declined to plead further, and upon consideration of the evidence the court agreed that the facts set forth in the petition are true, and that petitioners are entitled to the relief prayed, etc. From this decree the appeal is taken.

This court has recently held that section 32 of the act of February 18, 1897 (Acts 1896-97, p. 1393), is not violative of the Constitution.—*Rayford v. Faulk,* 154 Ala. 285, 45 South. 714. In that case the question arose on a writ of garnishment against the insurance company before the amount due on the policy was paid. The appellant contends that this statute, being a part of an act to regulate the business of insurance, is intended only to protect the insurance companies from harassing litigation, and not to exempt the proceeds of the policy from the claims of creditors after it has been paid.

The statute of the United States under which the pension decisions were made provides that "no sum of

[Heflin v. Allem, et al.]

money due or to become due to any. pensioner shall be-
liable to attachment, levy or seizure by or under any
legal or equitable process whatever, whether the same
remains with the pension officer, or any officer or agent
thereof, or is in course of transmission to the pensioner,
but shall inure wholly to the benefit of such pensioner."
—Rev. St. U. S. § 4747 (U. S. Comp. St. 1901, p. 3279).
Under this act it has been held, by several courts, that
the exemption from liability ceased after the funds had
passed into the possession of the pensioner.—*Spelman v.
Aldrich*, 126 Mass. 113; *Webb et al. v. Holt et al.*, 57
Iowa, 712, 11 N. W. 658; *Triplett v. Graham*, 58 Iowa,
136, 12 N. W. 143; *Friend v. Garcelon*, 77 Me. 25, 52 Am.
Rep. 739. The wording of that statute shows that the
object was to prevent interference with the money until
it reached the pensioner.

The statute of Maine provided that "the money or
other benefit, charity, relief or aid, to be paid, provided
or rendered by any corporation, * * * shall not be
liable to attachment by trustee, or other process, and
shall not be seized, taken or appropriated or applied by
any legal or equitable process, nor by operation of law,
to pay any debt or liability of a certificate holder, or any
beneficiary thereof," and the Supreme Court of that
state held that money received by a beneficiary was not
exempt from the payment of his debts.—*Hathorn v. Rob-
inson et al.*, 96 Me. 33, 51 Atl. 236. It will be noted.
that this referred to the debts of the beneficiary.

The statute of Illinois is identical with that of Maine,
and the discussion of the Supreme court of this state is
to the same effect; the court holding that the language
of the statute showed that it was intended to protect the
insurance association from legal process.—*Martin v.
Martin*, 187 Ill. 200, 58 N. E. 230. Under the same
statute it was held that it was the duty of the corpo-

ration, when garnished, to interpose the defense of the statute, and, failing so to do, it was liable for the entire amount of the policy; the court saying, as to the contention of the defendant that said act was only for the benefit of the company: "This view of the statute is entirely too narrow."—*Rumbold v. Supreme Council, Royal League,* 206 Ill. 513, 69 N. E. 590, 593.

The statute of Michigan is in the same language, and the Supreme Court of that state held that, after the beneficiary had collected the money and deposited it in bank, it was subject to garnishment for his debts; the court placing stress on the expression "to be paid," and holding that the wording of the statute indicated that the fund was to be exempt from legal process until it was paid and became "the sole property of the beneficiary, to be owned and held as any other property."—*Recor v. Commercial & Savings Bank,* 142 Mich. 479, 484, 106 N. W. 82, 84, 5 L. R. A. (N. S.) 472.

The statute in California provides that "all moneys, benefits, privileges or immunities accruing, or in any manner growing out of any life insurance, if the annual premiums paid do not exceed $500.00," are exempt from execution; and the Supreme Court of that state held that the exemption "extends, not only against the debts of the person whose life was insured and who paid the premiums, but also to the debts of the beneficiary to whom it is payable after the death of the insured."— *Holmes v. Marshall,* 145 Cal. 777, 79 Pac. 534, 69 L. R. A. 67, 104 Am. St. Rep. 86.

Our statute provides that "the sum or amount of insurance becoming due and payable by the terms of the application and policy, shall be exempt from all creditors of the assured or beneficiary, and must be paid to the beneficiary so named in the policy, or his or her assigns." —Acts 1896-97, p. 1393. It will be observed that it does

not speak of garnishment or other process, nor does it contain any terms indicating that it was for the protection of the company alone. On the contrary, the privilege is conferred upon "any person" who may "insure his own, or her own, life," etc., indicating that the legislature had in mind the protection of the estate of the insured, as well as his wife and children.

Without deciding that the cases above cited may not be good law, in so far as the debts of a named beneficiary are concerned, after the fund has come into his hands, or whether the Supreme Court of California is right on that subject, we hold that the fund is not liable for the debts of the estate of the insured. As to whether it was a wise policy for the legislature to adopt we are not permitted to consider. The codifiers seem to have thought not, and this section is omitted from the Code of 1907.

The decree of the court is affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.