# Rayford *v.* Faulk.

*Garnishment.*

(Decided Feb. 4, 1908. 45 South. 714.)

1. *Appeal; Judgment that Will Sustain; Garnishment.*—Under sections 2204, 2205, an appeal lies to the Supreme Court, from a judgment denying a motion to discharge a garnishment brought in aid of the main suit, where the judgment is in its nature final, determining that the funds garnished are subject to plaintiff's claim, so that nothing remains to be determined but to appropriate it to the satisfaction of plaintiff's judgment in the main suit.

2. *Statutes; Codification; Construction.*—The Act of Feb. 18, 1897 (Acts 1896-7, p. 1377), having been passed subsequently to the adoption of the Code of 1896 and copied therein by the codifier, did not become a part of the laws as adopted and codified, and as to its constitutionality must be construed in the form in which it was originally enacted without regard to the codification.

3. *Same; Provisions Embraced in Title.*—The provisions of section 2 of the Act of Feb. 18, 1897 (Acts 1896-7, p. 1377), is cognate to and embraced within the subject expressed in the title, and not violative of section 2, Article 4, Constitution 1875. (Dowdell, Simpson and Denson, JJ., dissented.)

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by George W. Faulk against Addie M. Rayford, with writ of garnishment in aid of suit to the Equitable Life Assurance Society of the United States. From a judgment denying a motion to discharge the garnishment and the garnishee, defendant appeals. Reversed and remanded.

Defendant, Addie M. Rayford, moved the court to dismiss the garnishment issued in this cause and to discharge the garnishee upon the following grounds: "(1) That the money due by the said garnishee is by the statute laws of the state of Alabama exempt from all creditors of this defendant; this defendant being the beneficiary of the policy of life insurance issued by said garnishee upon the life of Henry M. Rayford, who was the husband of this defendant, and by whom said property was procured for the benefit of this defendant. (2) Upon the ground that the policy of insurance upon which the money is due by said garnishee to this defendant is money that is due this defendant as beneficiary of a certain policy of life insurance issued by said garnishee upon the life of Henry M. Rayford, the husband of this defendant, and that said policy was issued subsequently to the adoption of the Code of 1896 of Alabama, and said Henry M. Rayford was a resident citizen at the time of the issuance of said policy, and that Henry M. Rayford is dead now, and this defendant is a resident citizen of Alabama and has claimed said sum of money due upon said policy as exempt to her under the laws of the state of Alabama." Accompanying this motion is the affidavit

and claim of the proceeds of the policy above referred to, claiming the same as exempt. The plaintiffs set up in answer to the motion that the act was unconstitutional and void, and was offensive to the exemption clause of the Constitution. The garnishee answered, admitting an indebtedness of $5,000 due by a policy of insurance on the life of Henry M. Rayford and made payable to Addie M. Rayford; that Rayford is dead; and that the policy is now due the beneficiary. The motion was denied and dismissed, and from the judgment denying and dismissing the motion this appeal is prosecuted.

L. H. & E. W.. FAITH, for appellant. An appeal will lie from a motion to discharge the garnishment and the garnishee, where judgment was rendered dismissing the motion and adjudging the cost against appellant.—Section 430, 2204 and 2205, Code 1896; *Ewing v. Wafford,* 122 Ala. 439; *Craig v. Etheridge,* 133 Ala. 284; *James v. Mosely,* 47 Ala. 299; 155 Ala. 363; 56 Ala. 439; 53 Ala. 363. The judgment rendered in this case is a final judgment of the court of the matters submitted to it.— *Bell v. Otis,* 101 Ala. 186. The sections above referred to were enacted for the purpose of doing away with the former practice of mandamus to bring before this court judgments like the one in this case.—*Moore v. Bell,* 13 Ala. 459; *Gee v. Ala. L. I. & T. Co.,* 13 Ala. 579; *Hudson v. Daily,* 13 Ala. 722. Section 32 of the act to regulate the business of insurance (Acts 1896-7, p. 1393) is not unconstitutional because the subject of the section is not expressed in the title of the act.—*Ballantyne v. Wickersham,* 75 Ala. 536; *State v. Garrum,* 95 Ala. 176; *Ex parte Mayor, etc.,* 116 Ala. 186; *State ex rel. v. Sayre,* 118 Ala. 35; *City Council v. Natl. B. & L. Asso.,* 108 Ala. 338. Nor is it unconstitutional in providing an exemption larger than that provided in the Constitution.—*Mil-*

*ler v. Marx,* 55 Ala. 322; *Davis v. Davis,* 56 Ala. 49; *Enzor v. Hunt,* 76 Ala. 595; *Richardson v. Kaufmann,* 143 Ala. 243; *Rawls v. Ala. Steel Co.,* 143 Ala. 620. The legislature had the right to regulate these matters and to make the insurance money payable to the widow and children free from the claims of creditors.—*N. Y. L. Ins. Co. v. Cradens,* 178 U. S. 389.

McINTOSH & RICH, for appellee. Section 32 of the act under consideration is violative of section 2, article 4, Constitution 1875.—*Ballantyne v. Wickersham,* 75 Ala. 533; *Ex parte Gayle,* 108 Ala. 514; 108 Ala. 336. It is also violative of section 1, article 10, Constitution 1875. —*Builders & Planters Sup. Co. v. Lucas,* 119 Ala. 202.

DOWDELL, J.—The appeal in this case is prosecuted from the judgment of the circuit court overruling and denying a motion made by the defendant, the appellant here, to discharge the garnishment on the ground that the fund garnished is under the statute exempt from the claims of creditors. The first question presented is whether or not an appeal will lie from such a judgment. The judgment is on an issue collateral to the main suit, and ordinarily an appeal in such cases would not lie. But under Code 1896, §§ 2204, 2205, we think the right of appeal exists. The judgment in its nature, upon the particular issue, is a final judgment. It determines that the fund garnished is subject to the plaintiff's debt, and nothing remains to be done but to appropriate it to the payment and satisfaction of the plaintiff's judgment in the main suit.—*Steiner v. First National Bank,* 115 Ala. 383, 384, 22 South. 30.

The other proposition, and the vital one in the case, raises the question of the constitutionality vel non of section 32 of the act approved February 18, 18997. Gen.

[Rayford v. Faulk.]

Acts 1896-97, p. 1393 et seq. This act was copied into the Code of 1896 by the codifier, and forms chapter 63 of that Code; but this was done after the act of adoption of the Code, passed and approved on the 16th of February, 1897. The act in question having been passed subsequent to the act of adoption of the Code, the fact that it was carried into the Code, being the act of the codifier, does not constitute it a part of the laws as codified and adopted, and therefore section 32 of the act, answering to section 2607 of the Code of 1896, must be construed with respect to its constitutionality the same as it was originally enacted, and without reference to the codification.

It is claimed that the act is violative of section 2, art. 4, of the Constitution of 1875, which provides that "each law shall contain but one subject, which shall be clearly expressed in its title," etc. The title of the act is as follows: "To regulate the business of insurance in the state of Alabama." The act contains 39 sections. In the first section the terms "company," "foreign," "domestic," and other terms and words, are defined. In the second section the term "contract of insurance," is defined. Sections 3 to 8, inclusive, relate to the insurance commissioner, his powers, duties, etc. Section 9 relates to requirements put upon foreign and all other companies commencing to do and carry on business in the state; and each succeeding section, down to section 32, relates and pertains to the business of insurance companies and the regulation of the same in one form or another, imposing taxes, and in certain events penalties and forfeitures, etc. Then follows section 32, which provides "that any person may insure his own or her own life for the sole benefit of his or her estate, his wife or her husband, his or her children, or others as shall be provided in the policy of insurance, and the sum or amount of insurance

19 R

becoming due and payable by the terms of the application and policy shall be exempt from all creditors of the assured or beneficiary, and must be paid to the beneficiary so named in the policy or to his or her assigns."

It is apparent from even a casual reading of this section that its subject and the sole purpose is one of exemption of property from the payment of debt. It in no proper sense relates to the regulation of the business of insurance, but is wholly foreign to that subject. It is true that the title to the act, "To regulate the business of insurance in this state," is general and quite comprehensive; but it would never suggest to the common mind, or to the individual legislator, upon hearing it read, that legislation upon the subject of the exemption of property in favor of the debtor from the payment of debt was intended or contemplated. Manifestly the subject-matter of section 32 is not expressed in the title of the act, nor do we think it can in reason be said that it is cognate or referable to the subject contained in the title, or in any sense included in it, complementary or otherwise. Section 2, article 4, of the Constitution of 1875, has often been under consideration by this court; and when we apply the rule of construction and application of this section to legislation as laid down in *Ballentyne v. Wickersham,* 75 Ala. 533, which has been so often cited, followed, and approved, to the case before us, we cannot escape the conclusion that section 32 of the act in question is unconstitutional and void.

The foregoing, which expresses the views of the writer, is concurred in by Justices SIMPSON and DENSON. TYSON, C. J., and HARALSON, ANDERSON, and McCLELLAN, JJ., constituting the majority of the court, are of the opinion that section 32 of the act is cognate to and embraced within the subject expressed in the title, and so hold. It follows, from the holding of the

[Huffstutler v. Louisville Packing Co.]

majority of the court, that the judgment appealed from must be reversed.

Reversed and remanded.

TYSON, C. J., and HARALSON, ANDERSON, and McCLEL-LAN, hold that section 32 of the act in question is valid. SIMPSON and DENSON, JJ., concur in the opinion of DOW-DELL, J.