# Mitchell, *et al., v.* Allis.

*Bill by Widow and Minor Children to Have Proceeds of Life Insurance Policy Exempted to Them from Administration and The Payment of Debts.*

(Decided Nov. 25, 1908. 47 South. 715.)

*Exemptions; Insurance Policy; Right of Widow and Minor Child.*—Under the provisions of section 2607, Code 1896, the proceeds of an insurance policy issued on the life of the insured and payable to his executors, administrators or assigns, although payable to his estate, is exempt to the widow and minor children, or either, from the claims of the creditors of the estate.

Appeal from Jefferson Chancery Court.
Heard before Hon. A. H. Benners.

[Mitchell, et al. v. Allis.]

Suit by Jesse J. Mitchell and others, by next friend, against C. D. Allis, as administrator, and another. From a judgment for defendants, complainants appealed. Reversed and rendered.

Bill by the children of J. L. Mitchell, by next friend, against the administrator and administratrix of the estate of J. L. Mitchell, to require the payment by them to the widow and minor children of the proceeds of the life insurance policy on the life of said J. L. Mitchell. The case made by the bill is that the complainants are all minor children of J. L. Mitchell, deceased; that C. D. Allis was appointed administrator and Nettie Mitchell administratrix of J. L. Mitchell's estate; that Nettie Mitchell was the widow of J. L. Mitchell; that at the time of his death J. L. Mitchell was insured in the New York Life Insurance Company in the sum of $10,000, and that the proceeds of said policy amounting to $10,-294.82 had been paid to said administrator and administratrix; that the said life insurance policy was payable to the estate of J. L. Mitchell; that at the time of his death said J. L. Mitchell owned other personal property of less value than $1,000, and that the said property was still in the hands of his personal representative and undisposed of; that $1,000 of the money collected on the life insurance policy had been set apart by order of the probate court as exempt to the widow and minor children, and that the balance of the insurance money was in the hands of the personal representatives and being administered by them; that the amount of said insurance policy is exempt to the widow and minor children by law, free from the administration and payment of debts, and the prayer is that the proceeds of said life insurance policy be turned over to the widow and minor children free from administration and the payment of debts. The answer admits the truth of the allegation,

20 R

[Mitchell, et al. v. Allis.]

but denies as a matter of law that the proceeds of the policy were exempt to the widow and minor children, and sets up that the estate of Mitchell was insolvent, and that he owed debts largely in excess of the property owned by him at the time of his death and the proceeds of the insurance on his life. The policy is made an exhibit, and, so far as this case is concerned, the following is all that need be set out: "The New York Life Insurance Company agrees to pay $10,000 to the executors, administrators, or assigns of the insured, or to such beneficiary as may have been designated in the manner herein provided, at the home office of the company in the city of New York, immediately upon receipt and approval of the proofs of the death of said J. L. Mitchell, the insured, and in addition thereto a sum equal to the annual premium on this policy,etc. Change of Beneficiary: The insured may change the beneficiary at any time, and from time to time, provided this policy is not then assigned. The insured may, however, declare the designation of any beneficiary to be irrevocable. If any beneficiary or irrevocably designated beneficiary dies before the insured, the interest of such beneficiary shall be vested in the insured. Every change in designation or declaration must be made by written notice to the company at the home office accompanied by this policy, and will take effect only when indorsed on this policy by the company." So far as shown by the pleadings or the record no beneficiary was ever designated, and at the time of the death of insured the policy remains payable to his executors, administrators, or assigns.

GEORGE HUDDLESTON, and JOSEPH P. COLLINS, JR., for appellant. Section 2607, Code 1896, is the one to be construed in the final determination of this cause. This

[Mitchell, et al. v. Allis.]

statute has been declared constitutional.—*Rayford v. Faulk,* 45 South. 714. (Counsel here give a history of the enactment.) The statute is enabling, creating a new right.—*Freeman Bros. v. Fennell,* 94 Ala. 572; *Continental L. Ins. Co. v. Webb,* 54 Ala. 688. The word, estate used in the statute, means executor, administrator or assign.—*Basye v. Adams,* 81 Ky. 368; 26 A. & E. Ency of Law, 598. As bearing upon proper construction of this statute attention is called to the following authority. *Pace v. Pace,* 19 Fla. 438; *Loos v. Hancock M. L. Ins. Co.,* 41 Mo. 538; *Clinton v. Hope Ins. Co.,* 45 N. Y. 454; *Globe Ins. Co. v. Boyle,* 21 O St. 119; *Kennedy v. 1st Nat. Bank,* 107 Ala. 170; *McGuire v. VanPelt,* 55 Ala. 344.

M. L. MILLER, and LONDON & LONDON, for appellee. No brief came to the Reporter.

SIMPSON, J.—The bill was filed by the appellants as the minor children of J. L. Mitchell, deceased, against the appellees as the administrator and administratrix of the estate of said J. L. Mitchell, for the purpose of removing said estate from the probate court, and also to have the proceeds of a certain insurance policy on the life of said J. L. Mitchell declared to be exempt from the claims of creditors, and set apart for the use of the widow (said administratrix) and complainants.

The only point in controversy is whether or not, under our statute, the proceeds of said life insurance policy are exempt from the claims of creditors. This point was presented by demurrer. The policy is made payable to the "executors, administrators, or assigns" of said J. L. Mitchell, which is the equivalent of being payable to his estate.—*Basye v. Adams,* 81 Ky. 368. Section 2607 of the Code of 1896 states plainly that "any person may

insure his own, or her own life for the sole benefit of his or her estate, * * *" and that the amount payable by the terms of the policy "shall be exempt from all creditors." It is difficult to see how the lawmakers could have made their intent clearer to the effect that the proceeds of such a policy should not be appropriated to the claims of creditors if there were a widow or minor children.

The learned chancellor's opinion is that, inasmuch as the wife and minor children are mentioned in the statute, the word "estate" must refer to something different. The general purpose is the same and the statute refers merely to different ways of expressing the intention of the insured. In fact, it is different, in that, if a man should take out a policy in the name of his wife, it would remain hers, though he should have children born afterwards, or if he, being a widower, should make it payable to his children, and should afterwards marry and leave a widow, she would have no share in it. By making it payable to his estate it is left ambulatory, so that, if he makes no will, it goes as other exempt property, or he may by will direct to which of his family it shall be paid. This was evidently the purpose in inserting the word "estate" in the statute. This is further shown by the history of the statute; it at first providing only that the wife might insure her husband's life to a certain amount (Rev. Code 1867, § 3539h), then providing that the husband also might insure within the same limits for the benefit of his wife or children (Code 1886, § 2356), and then going a step further in the present statute by providing that he could accomplish the same purpose by making the policy payable to his estate.

The decree of the chancellor is reversed, and a decree will be here rendered, overruling the demurrer.

Reversed and rendered.

Tyson, C. J., and Anderson and Denson, JJ., concur.