SUSIE C. MACLEAN, *Appellant*, v. ALMA E. FISHER, WILLIAM FISHER AND J. H. D'ALEMBERTE AS ADMINISTRATRIX AND ADMINISTRATORS *cum testamento annexo* OF THE ESTATE OF AUGUSTUS ALSTON FISHER, DECEASED, *Appellees.*

LIFE INSURANCE—BEQUEST OF PROCEEDS OF BY WILL.

Under the Florida statute providing that when life insurance is for the benefit of the estate of the insured, or payable to said estate, the proceeds of such insurance may be bequeathed by the insured to any person or persons, or for any uses, in like manner as he may devise any other property or effects, a policy of life insurance made payable to the assured, his executors, administrators or assigns may be bequeathed by the will of the insured, since such a policy so made payable is tantamount to being made payable to the estate of the insured.

This case was decided by Division B.

Appealed from the Circuit Court for Escambia County.

STATEMENT.

The appellant filed her bill in equity on November 25th, 1909, in the circuit court of Escambia county against the appellees, which bill is as follows:

"Mrs. Susie C. Maclean, of Escambia county, state of Florida, brings this her bill of complaint against Mrs. Alma Edmond Fisher, William Fisher, and J. H. D'Alemberte of Escambia county, state of Florida, as administratrix and administrators cum testamento annexo of the estate of Augustus Alston Fisher, deceased, late of Escambia county, state of Florida, and thereupon your orator complaining says:

That she is the widow of Alexander Suter Maclean, deceased; that she was married to the said Alexander Suter Maclean in St. Paul's Parish, in the city of New Orleans, in the state of Louisiana, on the 13th day of July, A. D., 1894; that she lived with the said Alexander Suter Maclean as his wife in the city of Pensacola, in the state of Florida up to and until his death on the 16th day of October, A. D., 1899; that said Alexander Suter Maclean died in said county of Escambia, state of Florida, on the said 16th day of October, A. D., 1899, leaving no child or children; that sometime previous to his death, to-wit, on the 9th day of August, A. D., 1899, said Alexander Suter Maclean, in the said county of Escambia, in the state of Florida, took out a life insurance policy in the New York Life Insurance Company, for $2,500.00, said policy being numbered 971884, and that sometime previous to his death, to-wit, on the 28th day of August, A. D., 1899, the said Alexander Suter Maclean, in the said county of Escambia, in the state of Florida, took out another life insurance policy in the Home Life Insurance Company of New York for $5,000.00, said policy being numbered 91,540; that both of said policies were made

payable to Alexander Suter Maclean, his executors, administrators or assigns; that sometime previous to his death, to-wit, on the 18th day of September, A. D., 1899, the said Alexander Suter Maclean, in the said county of Escambia, in the state of Florida, made and executed his last will and testament, designating, making and appointing the said Augustus Alston Fisher the sole executor without bond, of his said last will and testament, and willing, bequeathing and devising all of his property, real, personal and mixed, to the said Augustus Alston Fisher particularly naming and specifying in said last will and testament the proceeds of the said two life insurance policies, as will more particularly appear by reference to said last will and testament, a certified copy of which is hereto attached marked 'Exhibit A' and prayed to be made and taken as a part of this bill of complaint.

Your oratrix further represents unto your honor, that the said Alexander Suter Maclean left no property of any kind or description real, personal or mixed, save and except the said two life insurance policies. That said Alexander Suter Maclean, as aforesaid, died in the city of Pensacola, Florida, on the 16th day of October, A. D., 1899; that said last will and testament of the said Alexander Suter Maclean was duly probated and recorded in Escambia county, state of Florida, and that the said Augustus Alston Fisher duly qualified as executor of the said last will and testament of the said Alexander Suter Maclean, and as such executor collected from said insurance companies the insurance upon the life of the said Alexander Suter Maclean, aggregating $7,500.00.

Your oratrix further represents unto your honor, that she is as aforesaid, the widow of the said Alexander Suter Maclean, deceased as aforesaid; that said policies were not at the time of taking them out, nor at the time of making the said will by the said Alexander Suter Maclean, nor

at the time of the death of the said Alexander Suter Maclean, nor at the time the said moneys were collected by the said Augustus Alston Fisher, as executor, as aforesaid, the subject of legacy under the laws of the state of Florida, but that under and by virtue of the laws of the state of Florida, the said insurance on the life of the said Alexander Suter Maclean, deceased, (there being no child or children) inured exclusively to the benefit of your oratrix, as the widow of the said Alexander Suter Maclean, but that said Augustus Alston Fisher, executor as aforesaid, never accounted for or paid to your oratrix said insurance moneys, nor any part thereof, nor has the same ever been accounted for or paid, nor any part thereof accounted for or paid to your oratrix by any one else for and in behalf of the said Augustus Alston Fisher, executor as aforesaid, but that the said Augustus Alston Fisher held and continued to hold up to the time of his death said moneys as legatee under said last will and testament of the said Alexander Suter Maclean, deceased.

That the said Augustus Alston Fisher died in the county of Escambia in the state of Florida on the ...... day of March, A. D., 1909, and that the aforesaid defendants are administratrix and administrators cum testamento annexo of the estate of the said Augustus Alston Fisher, deceased, and that they as administratrix and administrators, as aforesaid, hold, and continue to hold, said moneys collected as aforesaid as a part of the estate of the said Augustus Alston Fisher, deceased as aforesaid.

Your oratrix represents unto your honor that under the laws of the state of Florida, the said Augustus Alston Fisher, executor as aforesaid, collected said insurance moneys for the sole and exclusive benefit of your oratrix, and held the same in trust for your oratrix, and that the said defendants, as administratrix and administrators, as aforesaid, under the laws of the state of Florida, hold and

continue to hold said moneys as trustees and in trust for your oratrix.

Wherefore and in consideration of the premises, your oratrix prays that an account may be taken by and under the direction and decree of this honorable court of what is due and owing to your oratrix by the estate of the said Augustus Alston Fisher for principal and interest at the rate of eight per cent. per annum on said moneys, and that the said defendants may be ordered and decreed to pay to your oratrix what shall be found properly to be due on the taking of said account, as aforesaid, out of the estate of the said Augustus Alston Fisher, deceased, together with the costs of this suit, and that your oratrix may have such other and further relief as to your honor shall seem meet and as the nature of this case requires.

May it please your honor to grant unto your oratrix the State's writ of subpoena, to be issued out of and under the seal of this honorable court, directed to the said defendants, to-wit, Mrs. Alma Esmond Fisher, William Fisher and J. H. D'Alemberte, administratrix and administrators cum testamento annexo of the estate of the said Augustus Alston Fisher, deceased, commanding them and each of them to be and appear before this honorable court upon a day to be therein named and under a penalty to be therein limited, then and there full, true, direct and perfect answers make to each and every of the allegations in said bill of complaint contained, and further to stand and to abide all and singular the orders, decrees and judgments of the court made in this cause, and as in duty bound your oratrix will ever pray, etc."

To this bill the appellees as defendants below interposed the following demurrer: Now comes the defendants and demur to the bill of complaint filed herein, and for grounds of demurrer show:

1.  That the complainant has not in and by said bill made or stated such a case as does or ought to entitle her to the relief prayed or to any relief.

2.  The complainant's cause of action, if any she has, is barred by laches as appears upon the face of said bill.

3.  The complainant's cause of action, if any she has, is barred by the statutory limitation of four years.

4.  The complainant's cause of action, if any she has, is barred by the statutory limitation of three years.

5.  It appears from the allegations of said bill that the testator of these defendants was lawfully entitled to the proceeds of the life insurance policies mentioned in the bill of complaint.

This demurrer was upon argument sustained by the court below, and upon the complainant declining to amend her said bill final decree was rendered in favor of the defendants, and said bill thereby dismissed. From this decree the complainant has appealed to this court.

*John S. Beard* for Appellant;

*Blount & Blount & Carter* for Appellees.

TAYLOR, J. (*after stating the facts.*)—The question presented for our determination is whether the insured Alexander Suter Maclean could under our statute lawfully bequeath by his last will and testament the proceeds of the two policies of life insurance mentioned in the bill, and whether his legatee Augustus Alston Fisher was under the bequest made to him by the will of said Alexander S. Maclean, entitled to the proceeds of said insurance policies on the death of said Maclean. Our statute in force at the time of the execution of said will of Alexander S. Maclean and at the time of his death, read as follows:

"Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of his child or children, husband or wife, in equal portions, and to any person or persons for whose use and benefit said insurance is declared in the policy, and the proceeds thereof shall in no case be liable to attachment, garnishment, or any legal process, by any creditor or creditors of the person whose life was so insured, unless said policy declares that said policy was effected for the benefit of such creditor or creditors; provided, that when the insurance is for the benefit of the estate of the insured, or payable to said estate, the proceeds of the insurance may be bequeathed and devised by the insured to any person or persons, or for any uses, in like manner as he may devise any other property or effects of which he may be possessed, other than his homestead."

Under this statute we are clearly of the opinion that Alexander S. Maclean had the lawful right by his will to bequeath the proceeds of the two policies mentioned in the bill, as he did do, to Augustus Alston Fisher and that under said will the latter became on the death of said Maclean entitled to the proceeds of said life policies. The bill alleges that both of said life policies were made payable to Alexander Suter Maclean, his executors, administrators or assigns. This was tantamount to being made payable to the estate of the said insured, since such policies did not become due and payable until after the death of the insured, and after his death could not be paid to him they became payable to the legal representatives of his estate, and besides this these policies were expressedly made payable to the executors, administrators or assigns of the insured, which more expressedly made them payable to his estate, in which event the quoted statute expressly authorizes the proceeds of such policies to be bequeathed

22—Vol. 60.

by the will of the insured.   Wason v. Colburn, 99 Mass., 342; Schouler's Executors & Administrators, paragraphs 203, 211; White's Ex'r v. Smith, 2 Wilson's Civ. Cas. (Texas), paragraphs 399, 400, 401; Fletcher v. Williams, (Tex. Civ. App.) 66 S. W. Rep., 860; Mitchell v. Allis, 157 Ala., 304, 47 South. Rep., 715; Page on Wills, paragraph 136; Union Mut. Life Ins. Co. v. Stevens, 19 Fed. Rep , 671.

It follows from what has been said that the decree appealed from must be and is hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.