# Sheffield Oil Mill, *et al. v.* Pool, *et al.*

*Contest of Settlement of Estate.*

(Decided Nov. 17, 1910. 53 South. 1027.)

*Insurance; Exemptions; Statutes.*—The provisions of section 32, Acts 1897-8, p. 1393, (Sec. 2607, Code 1896), are not embraced in the title of the act, and hence, were violative of section 2, article 4, Constitution 1875, and hence, such provisions are void and of no effect. (Overruling Rayford v. Faulk, 154 Ala. 291; Heflin v. Allen, 160 Ala. 241, and Chandler v. Traub, 159 Ala. 519, as to this particular point.)

APPEAL from Lawrence Probate Court.

Heard before Hon. J. C. KUMPF.

In the matter of the settlement of the insolvent estate of Gabe Pool, deceased. The Sheffield Oil Mill and other creditors intervened, to have certain funds obtained from life insurance accounted for. From a decree overruling their contention, they appeal. Reversed and remanded.

Gabe Pool's life was insured in a certain insurance company for $5,000, and in another for $500; both poli-

[Sheffield Oil Mill, et al. v. Pool, et al.]

cies being payable to his estate. His administratrix collected these sums, and on final settlement failed to account for the same, except to state that they had been set apart to the widow and minor heirs of said Gabe Pool, deceased. Certain creditors contested the account, and sought to have the administratrix charged with these amounts set apart as exempt, and to have said funds put into the general corpus of-the estate, and made available for the payment of creditors of the estate. This the court declined to do.

ALMON & ANDREWS, C. M. SHERROD, and R. L. HARMON, for appellant. The act of 1896-7, p. 1393, was not passed until after the adoption of the Code, and was not validated by the adoption of such Code, being simply copied into the Code by the commissioners, and hence, it must be passed on now as though it was never written in the Code of 1896.—*Rayford v. Faulk*, 154 Ala. 285. It is contended that notwithstanding the decision above referred to, and the other cases following it, that section 32 of said act (sec. 2607, Code 1896) is violative of section 2, article 4, and sec. 23, article 1, of the Constitution of 1875, and also violative of section 1, article 14, Constitution United States. That it is violative of section 2, article 4, see *Lindsey v. U. S. S. Assn.*, 120 Ala. 172; *Continental I. Co. v. Webb*, 54 Ala. 688; *State v. Burgin*, 113 Ala. 170; *Bell v. The State*, 115 Ala. 87; *Brown v. The State*, 115 Ala. 74; *Sanders v. Com. Ct.*, 117 Ala. 543; *Yohn v. Merrill*, 117 Ala. 485; *Morgan v. The State*, 81 Ala. 72; *Miller v. Jones*, 80 Ala. 89; *State v. Sayre*, 118 Ala. 1; *A. G. S. v. Reid*, 124 Ala. 252; *Davis v. The State*, 130 Ala. 153. That the section in question violates section 1, article 14, of the Constitution of the United States, see *Connelly v. Union S. P. Co.*, 184 U. S. 540; 11 Ia. 496; 3 Words and Phrases,

pp. 2433-4, and authorities there cited; *Smith v. L. & N.*, 75 Ala. 449; *S. & N. A. R. R. Co. v. Morris*, 64 Ala. 193; *Brown v. A. G. S.*, 87 Ala. 370; *Randolph v. B. P. Sup. Co.*, 106 Ala. 501.

KIRK, CARMICHAEL & RATHER, for appellee. The constitutionality of the act in question has been fully determined by this court in the following cases: *Mitchell v. Allis*, 47 So. 715; *Rayford v. Faulk*, 154 Ala. 285; *Heflin v. Allen*, 48 So. 695; *Chandler v. Traub*, 49 So. 240. The legislature may increase but not diminish exemptions provided for in the Constitution.—*Miller v. Marx*, 55 Ala. 322.

ANDERSON, J.—This appeal involves the validity of section 32 of the act of 1897, as set out in chapter 63 of the Code of 1896, but which did not become a part of said Code. This section was considered and upheld in the case of *Rayford v. Faulk*, 154 Ala. 285, 45 South. 714. And we are called upon to overrule said case upon the theory that said section 32 is violative of section 2, art. 4, of the Constitution of 1875. "Where the subject may be comprehended in the title the act should be upheld."—*Griffin v. Drennen*, 145 Ala. 128, 40 South. 1026. The inquiry therefore is: Can section 32 be construed so as to be comprehended within the subject as set out in the title?

The title is as follows: "To regulate the business of insurance in the state of Alabama." Section 32 says: "Any person may insure his own or her own life for the sole benefit of his or her estate, his wife or her husband, his or her children, or others, as shall be provided in the policy of insurance, and the sum or amount of insurance becoming due and payable by the terms of the application and policy shall be exempt from all creditors of the assured or beneficiary, and must be paid to the

[Sheffield Oil Mill, et al. v. Pool, et al.]

beneficiary so named in the policy, or his or her as-
signs." There can be little or no doubt of the fact, that
to say how and to whom policies should and can be
made would be cognate to the general subject of regu-
lating insurance, but section 32 of the act in question
goes much further than this. It makes all life insurance
exempt, not only as against the debts of the insured,
but as to those of the beneficiary as well. In other
words, it exempts all funds derived from life insurance,
regardless of amount, both from the liabilities of the
insured and the beneficiary, and extends the exemption
rights to a certain class without limitation, and which
is not to be comprehended within the subject of regulat-
ing the business of insurance. Said section 32, also,
in effect, changes the terms of the policy contract, when
made payable to the estate of the insured, by diverting
the fund from the very purpose to which the contract of
insurance had devoted it. It not only, in effect,
changes the contract, by changing the beneficiary, and
thereby preventing the fund from becoming assets of the
estate of the insured, and as directed by the policy con-
tract, but exempts it from the payment of the debts of
the newly constituted beneficiary. It is not germane
to the title of the act, which, while in the Code of 1896,
was not a part thereof as adopted by the Legislature,
and is therefore violative of section 2, art. 4, of the Con-
stitution of 1875.

We are constrained to hold that the conclusion of the
majority, of which the writer was one, in the case of
*Rayford v. Faulk,* 154 Ala. 291, 45 South. 714, was erro-
neous, and think that the dissenting opinion of Dowdell,
J., as concurred in by Simpson and Denson, JJ., should
have prevailed. In the case of *Mitchell v. Allis,* 157 Ala.
304, 47 South. 715, the constitutionality of section 32
of the act does not appear to have been presented by

counsel or considered by the court. The cases of *Heflin v. Allen,* 160 Ala. 241, 48 South. 695, and *Chandler v. Traub, et al.,* 159 Ala. 519, 49 South 240, are distinctly based on the case of *Rayford v. Faulk, supra.* The trial court naturally followed the holding of the case of *Rayford v. Faulk, supra;* but, as said case is expressly overruled, the decree of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, MAYFIELD, SAYRE and EVANS, JJ., concur.