[Gwin, et al. v. Gore.]

# Gwin, *et al. v.* Gore.

**Bill to Enjoin Paying Out County Funds.**

(Decided December 30, 1916.   73 South. 457.)

**Statutes; Subject and Title.**—The title of General Acts 1915, p. 279, is broad enough to permit the consolidation into the circuit court of the criminal court of a county possessing generally the criminal jurisdicton exercised by the circuit court, without violating § 45, Const. 1901.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by S. N. Gore against Jere W. Gwin, et al., as members of the Board of Revenue of Jefferson County, to enjoin them from issuing a warrant for the purpose of paying out of the funds of said county for transferring the books, papers, files, records and cases pending in the criminal court of Jefferson county to the circuit court of said county.   From a decree granting the injunction the respondents appeal.   Reversed and rendered.

W. K. TERRY and HENRY UPSON SIMS, for appellants.   LONDON, YANCEY, & BROWER and CABINISS & BOWIE, for appellee.

ANDERSON, C. J.—The sole question presented by this appeal is whether or not the criminal court of Jefferson county was abolished by being consolidated into the circuit court by the Act of 1915, p. 279, known as the "Consolidated Court Act."   It is conceded that section 3 of the act is certain and specific enough to include the Jefferson criminal court, but it is contended that said section is so much broader than the title of the said act that it is not germane or cognate thereto, and that it violates section 45 of the Constitution of 1901.   The title to the act is as follows: "To provide a circuit court in every county in the state, and for the consolidation of the chancery court and all other courts of record having the jurisdiction of the chancery court or circuit court or either of them into the circuit court, and to remove all pending causes and records into the circuit court, and to provide and regulate the proceedings therein."

[Gwin, et al. v. Gore.]

It is contended that the Jefferson criminal court does not exercise the jurisdiction of the chancery court and does not exercise the jurisdiction of the circuit court, as the circuit court has civil jurisdiction and the criminal court has none. It must be observed that the title does not require or provide that the courts of record must exercise all the jurisdiction of the chancery court or the circuit court, both or either, but jurisdiction that is exercised by either, and the court in question did possess generally the criminal jurisdiction as was exercised by the circuit court. We do not think that the title is so narrow as to not comprehend all that was attempted by the body of the act, and that, under a fair interpretation of same, it would be so reasonably construed as to exclude the Jefferson criminal court simply because it did not exercise all the jurisdiction of the chancery or circuit court.—*Smith v: Stiles,* 195 Ala. 107, 70 South. 905; *Griffin v. Drennen,* 145 Ala. 128, 40 South. 1016, and cases there cited.

It is suggested in brief of counsel, among other things, that the Legislature did not interpret the act in question as abolishing the criminal court of Jefferson county, for the reason that, by a local act subsequently passed (Local Acts 1915, p. 374), the clerk of said court was included in the list of officers whose salary was fixed. Whether such an interpretation, if such was the case, would influence us in passing upon the question at issue, we need not determine, as we do not think that such was the legislative interpretation. The local bill had been introduced long before the act in question was passed, and the fact that the local act contained the clerk of the criminal court was evidently overlooked when said local act was passed. Moreover, the Legislature, subsequent to the passage of said local act, abolished the office of county solicitor including the solicitor of the Jefferson criminal court, but postponed its taking effect as to him until January, 1919.—Acts 1915, p. 817, § 10. And provided also, in the Tenth circuit, for an assistant criminal clerk and one assistant law clerk in addition to the clerk and register.—Acts 1915, p. 810.

As the act in question abolished the Jefferson criminal court by merging or consolidating it into the circuit court, the bill of complaint was without equity, and the chancery court erred in issuing the injunction.

[Louisville & Nashville Railroad Co. v. Rayburn.]

The decree of the chancery court is reversed, and one is here rendered dismissing the bill and dissolving the injunction.
Reversed and remanded.

MCCLELLAN, SAYRE, and GARDNER, JJ., concur.