(84 South. 567)

BROWN v. LEGG. (8 Div. 616.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

JUSTICES OF THE PEACE ⬅146(1)—JUDGMENT, CONDEMNING ATTACHED PROPERTY TO SATISFACTION OF MONEY JUDGMENT, APPEALABLE —"FINAL JUDGMENT."

Judgment, condemning attached property to satisfaction of the money judgment rendered on confession, is a final judgment, and within Code 1907, § 4713, permitting any party to appeal from any judgment rendered against him before a justice of the peace.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Action by W. A. Legg against Cary Brown, on a promissory note, with attachment writ,

---

commenced in justice's court. From judgment of the circuit court, dismissing defendant's appeal from judgment of the justice's court condemning the attached property to satisfaction of the money judgment confessed, defendant appeals. Reversed and remanded.

W. R. Walker, of Athens, for appellant.

The appeal was properly taken. Section 4713, Code 1907; 9 Ala. App. 251, 62 South. 1018; 11 Ala. App. 423, 66 South. 878. The cause of attachment may be made an issue and tried. Section 2966, Code 1907; 9 Ala. App. 265, 63 South. 27; 166 Ala. 138, 51 South. 932; 198 Ala. 664, 73 South. 966. And authorities supra.

James E. Horton, Jr., of Athens, for appellee.

The judgment appealed from is not a final judgment, and the circuit court properly dismissed the appeal. 100 Ala. 515, 14 South. 359; 4 Cyc. 825; 71 Ala. 461; 98 Ala. 460, 13 South. 524; 109 Ala. 279, 19 South. 814.

MERRITT, J. Suit in this case was originally begun in the justice of the peace court, being a suit on a promissory note and by the issuance of a summons on a complaint filed by the appellee against the appellant. At the same time the appellee made affidavit praying for an attachment against the appellant, and also executing bond as provided by law. Summons on the complaint and the writ of attachment were returned executed, and on January 25, 1917, the judgment entry in the justice court recites that the parties were present in court, and "the defendant confesses judgment on the note, that plaintiff have judgment against the defendant for $4,500 and $6,500 and the cost. Attachment proceedings continued until January 31, 1917." On January 31, 1917, the following appears as the entry of that date:

"This day came the plaintiff and the defendant by his attorney, and the defendant denied and put in issue the cause for which the attachment was issued, and upon consideration of the same the court finds the issue in favor of the plaintiff. It is therefore ordered and adjudged by the court that the said 15 barrels of corn is subject to the levy of the attachment in this cause, and it is hereby condemned to the satisfaction of the judgment rendered against the defendant."

From this order, entry, or judgment the (defendant) appellant took an appeal to the circuit court. In the circuit court the plaintiff (appellee here) made a motion to dismiss the appeal, the grounds of the motion being in substance that the appeal was not perfected within the time allowed by law; that the judgment on the note was one by confession, and could not be appealed from, and that the judgment condemning the property was not such a judgment as could be appealed from.

The trial court sustained the plaintiff's motion and dismissed the appeal, and the case now comes to this court, questioning the correctness of this ruling.

The appellee insists that the only judgment in the case was the judgment on the note of January 25, 1917, and that the order or entry of January 31, 1917, condemning the property which was attached to the satisfaction of the judgment rendered against the defendant, was not such an order, entry, or judgment as could be appealed from, and that, more than five days having elapsed from the rendition of judgment on the note, the appeal to the circuit court came too late, and, further that the judgment on the note, being one by confession, was such a judgment as could not be appealed from.

It occurs to us then that a determination of the question as to whether the entry, order, or judgment of January 31, 1917, was a final adjudication, or judgment, or whether it was a collateral matter will be decisive of the correctness of the ruling of the trial judge in dismissing the appeal. Evidently the trial judge was of the opinion that the judgment on the note was the only judgment in the case, and, arriving at this conclusion, his ruling in dismissing the appeal would appear to be correct, for clearly more than five days had elapsed since its rendition, and an appeal could not be taken from this judgment by confession by the defendant.

But was the entry of January 31, 1917, condemning the property to the satisfaction of the plaintiff's debt a judgment? The question of the defendant's indebtedness vel non had certainly been finally determined by the judgment entry of January 25, 1917. Where "the defendant confesses judgment on the note," etc., and the "attachment proceedings continued until January 31, 1917." So the proceeding continued and to be determined, and which was determined, on January 31, 1917, was whether or not the defendant's property was subject to be sold to satisfy the judgment on the note, which had already been rendered against him. The purpose and effect of the trial of the "attachment proceedings" was to determine whether or not a lien should be fastened upon the specific property which had been attached as shown by the return of the officer, and this attachment proceeding rested upon its own facts, and not upon the facts of the main action. Reed v. Maben, 21 Neb. 696, 33 N. W. 252; Oliver v. Kenny, 173 Ala. 602, 56 South. 203.

In garnishment proceedings, which is a species of attachment, both being statutory, our court has decided in the case of Steiner Bros. v. First National Bank of Birmingham, 115 Ala. 379, 22 South. 30, the same being a case where the facts are similar to the case at issue, and the question raised was "that the judgment discharging the appellee as garnishee is not a final judgment which will sup-

port an appeal," that the motion to dismiss the appeal was not well taken. In discussing this case and the nature and character of garnishment proceedings the court said:

"Either judgment—the one in favor of the plaintiff or that in favor of the garnishee—concludes the rights of the parties in respect to the cause of action involved, the matter of right asserted by the one and denied by the other."

And Justice Dowdell, speaking in the case of Rayford v. Faulk, 154 Ala. 285, 45 South. 714, says:

"The appeal in this case is prosecuted from the judgment of the circuit court overruling and denying a motion made by the defendant, the appellant here, to discharge the garnishment. * * * The first question presented is whether or not an appeal will lie from such a judgment. * * * The judgment in its nature, upon the particular issue, is a final judgment. It determines that the fund garnished is subject to the plaintiff's debt, and nothing remains to be done but to appropriate it to the payment and satisfaction of the plaintiff's judgment in the main suit"—citing 115 Ala. supra.

Section 4713 of the Code is as follows:

"Any party may appeal from any judgment rendered against him before a justice of the peace to the circuit court, .or court of like jurisdiction, upon complying with the provisions of this chapter at any time within five days after rendition thereof, unless otherwise provided in this Code."

Statutes providing for and regulating .appeals should not be narrowly construed to "cut off or fetter the right of appeal," but should be broadly construed to serve the purpose of the enactment. National Union v. Sherry, 180 Ala. 627, 61 South. 944; Francis-Chenoweth Hdw. Co. v. Bailey, 104 Ala. 566, 18 South. 10.

The judgment of January 31, 1917, condemning the property "to the satisfaction of the judgment rendered against the defendant," was a final judgment—a determination of the matters at issue between the parties, and, being such, the defendant had the right of appeal, and the trial court committed error in sustaining the motion to dismiss the appeal for which the case must be reversed.

Reversed and remanded.