(103 So. 898)

ROSEBERRY v. STATE. (5 Div. 530.)

(Court of Appeals of Alabama. Dec. 16, 1924. Rehearing Denied Jan. 13, 1925.)

1. Constitutional law ⟨Key⟩48 — Act presumed constitutional.

Courts will presume that act is constitutional unless clearly convinced to contrary.

2. Statutes ⟨Key⟩107(10), 124(1)—Act abolishing county court held not unconstitutional as containing two subjects last of which not expressed in title.

Act Aug. 9, 1923 (Loc. Laws 1923, pp. 64, 65), §§ 1–3, abolishing Chilton county court, transferring pending causes therein to circuit court, and providing for commencement of misdemeanor cases by affidavit before clerk of circuit court, does not offend Const. 1901, § 45, as containing two subjects, last of which is not related to that expressed in title.

3. Constitutional law ⟨Key⟩80(4)—Act authorizing circuit clerk to take affidavits and issue warrants in misdemeanor cases held not unconstitutional.

Act Aug. 9, 1923 (Loc. Laws 1923, p. 65) § 3, authorizing circuit clerk to take affidavits

and issue warrants in misdemeanor cases, does not offend Bill of Rights 1901, §§ 7, 8, and is authorized by Const. 1901, § 139, vesting judicial powers in such persons as may be invested therewith by law.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Lum Roseberry was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Roseberry, 212 Ala. 689, 103 So. 901.

Reynolds & Reynolds, of Clanton, for appellant.

Indictment was the only legal mode of proceeding against defendant. Const. 1901, §§ 7, 8; Clark v. State, 46 Ala. 307. The clerk of the circuit court is without authority to take affidavits for the issuance of a warrant. Lloyd v. State, 70 Ala. 32. The circuit court's jurisdiction attaches in misdemeanor cases only by indictment. Russau v. State, 15 Ala. App. 120, 72 So. 596; 12 Cyc. 221; People v. Campbell, 4 Parker, Cr. R. (N. Y.) 386. Each law shall contain but one subject, which shall be clearly expressed in its title. Const. 1901, § 45; Ballentyne v. Wickersham, 75 Ala. 533.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. The prosecution was commenced by affidavit made before J. Z. Mims, the clerk of the circuit court of Chilton county, charging that the appellant had in his possession spirituous, vinous, or malt liquors. The clerk thereupon issued a warrant of arrest returnable to the circuit court, and the appellant was apprehended and brought into court to answer the charge preferred against him, was convicted, and from the judgment of conviction prosecutes this appeal.

The appeal is on the record. It is contended by the appellant that the judgment rendered by the circuit court is void in that the local act abolishing the county court of Chilton county, and authorizing prosecutions for misdemeanors to be commenced before the clerk of the circuit court, offends sections 7 and 8 of the Bill of Rights and section 45 of the Constitution of Alabama.

Section 7 of the Bill of Rights reads:

"No person shall be accused or arrested, or detained, except in cases ascertained by law, and according to the form which the same has prescribed."

Section 8 of the Bill of Rights reads as follows:

"No person shall, for any indictable offense, be proceeded against criminally, by information,

* * * Provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established."

Section 45 of the Constitution of 1901 provides:

"Each law shall contain but one subject, which shall be clearly expressed in its title."

The title of the local act approved August 9, 1923 (Loc. Acts 1923, p. 64), abolishing the county court of Chilton county and authorizing the commencement of prosecution in misdemeanor cases by affidavit before the clerk of the circuit court, is as follows:

"An act to abolish the county court of Chilton county, Alabama, to annul its jurisdiction, which court is provided for in and by article 3, chapter 198 of the Code of Alabama, of 1907, and re-established by the provisions of an act approved September 25, 1915, and to provide for the transfer of all of the cases of every kind and description pending in said court at the time of the approval of this act, together with all papers, records, processes and everything pertaining to the circuit court of Chilton county; to provide for the institution and prosecution of misdemeanors in the circuit court of Chilton county otherwise than by indictment by the grand jury; and to regulate and prescribe the method of securing jury trials in misdemeanor cases in the circuit court of Chilton county, and to prescribe how such cases shall be tried without the intervention of a jury and reviewed, and to provide for the repeal of all laws in conflict with the provisions of this act."

Section 1 of the act abolishes the Chilton county court. Section 2 provides for the transfer of pending cases to the circuit court. Section 3 provides for the commencement of prosecutions of persons charged with misdemeanors by affidavit made before the clerk of the circuit court.

It is contended by appellant that the local act in question is violative of section 45 of the Constitution, in that it contains two subjects each independent of the other, that neither aids the other or contributes to its full accomplishment. It is contended that the first two sections abolish the county court and transfer pending causes to the circuit court; that section 3 is not related to the subject expressed in sections 1 and 2 and deals entirely with the circuit court and the institution of prosecutions therein.

[1] In pronouncing upon the constitutionality of an act of the Legislature, the courts will indulge the presumption that the act is constitutional unless clearly convinced to the contrary. Zeigler v. S. & N. R. R. Co., 58 Ala. 594; S. & N. R. R. Co. v. Morris, 65 Ala. 193; Edwards v. Williamson, 70 Ala. 145; Smith v. Stiles, 195 Ala. 107, 70 So. 905; Fairhope Single Tax Corp. v. Melville, 193 Ala. 289, 69 So. 466; Ex parte May-

or & Aldermen of Birmingham, 116 Ala. 186, 22 So. 454.

[2] The purpose of the act in question was to abolish the Chilton county court and to provide for the jurisdiction which had heretofore been exercised by that court. The county court had authority and provision had been made through it "for the institution and prosecution of misdemeanors otherwise than by indictment." The act abolished the county court and provided that the circuit court should exercise the jurisdiction and powers of the county court. The circuit court had jurisdiction to try misdemeanors where prosecutions were commenced by indictment and upon appeal from the county court and justice of the peace courts. The act transferred to the circuit court the authority and power which the county court had to try misdemeanors upon affidavit, but did not confer upon the circuit court any powers in addition to those already vested in the county court. Such matters were proper for the accomplishment of the object expressed, viz., to abolish the county court.

The act under consideration in the case of State ex rel. Brandon et al. v. Prince et al., 199 Ala. 444, 74 So. 939, is found in Local Laws 1915, p. 470. The title to the act is:

"An act to establish a board of revenue for Tuscaloosa county, Alabama, to prescribe its powers and duties, to fix the compensation of its members, to provide for the election of its members, and fix their terms of office, to provide for a clerk and engineer, and to abolish the court of county commissioners, the board of public works and the jury commission of said county."

The court held in this case that there was not more than one subject in the title or the body of the act within the meaning of section 45 of the Constitution. It will be observed that the local act in question in the Brandon Case, supra, creates a board of revenue, and abolishes a court of county commissioners, a board of public works, and the jury commission, three independent boards. The authority existing in the abolished boards was conferred upon the board established by the act and provision made for the exercise of that jurisdiction by the new board. See, also, Hawkins, Treas., v. Roberts & Son, 122 Ala. 130, 27 So. 327.

In Dunn v. Dean, 196 Ala. 486, 71 So. 709, the Supreme Court held an act establishing a board of revenue and abolishing the court of county commissioners of Conecuh county not violative of section 45 of the Constitution.

There are numerous authorities upholding the constitutionality of similar enactments. State v. Teasley, 194 Ala. 574, 69 So. 723, Ann. Cas. 1918E, 347; Thomas v. Gunter, 170 Ala. 165, 54 So. 283; Griffin v. Drennen, 145 Ala. 128, 40 So. 1016; Sheffield Co. v. Pool, 169 Ala. 420, 53 So. 1027; Board of

Revenue of Jefferson County v. Kayser, 205 Ala. 289, 88 So. 19; Gwin et al. v. Gore, 198 Ala. 189, 73 So. 457; State v. Lanier, 197 Ala. 1, 72 So. 320.

It seems clear that the local act abolishing the county court of Chilton county, and conferring the jurisdiction of that court upon the circuit court, does not offend section 45 of the Constitution.

"Section 7 of the Bill of Rights was in the Constitution of 1819 as section 11, and this has appeared in each successive Constitution without change.

"Section 12 of the Constitution of 1819 provided that no person shall, for any indictable offense, be proceeded against criminally by information. This was carried forward as section 12 of the Constitution of 1861 without change. Section 9 of the Constitution of 1865 provided: 'No person shall, for any indictable offense, be proceeded against criminally by information: * * * Provided, that in cases of petit larceny, assault and battery, affray, unlawful assemblies, vagrancy, and other misdemeanors the General Assembly may by law dispense with a grand jury, and authorize such prosecutions before justices of the peace or such other inferior courts as may be by law established: And the proceedings in such cases shall be regulated by law.' Section 10 of the Constitution of 1868, was the same as section 9 of the Constitution of 1865, except the last sentence. Section 9 of the Constitution of 1875 carries forward this same provision without change.

"Section 8 of the Constitution of 1901 is the same except that the proviso is as follows: 'Provided that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established.'

"Section 143 of the Constitution of 1901 provides: 'That the circuit court shall have original jurisdiction in all matters civil and criminal."

In Frost v. State, 124 Ala. 71, 27 So. 550, Justice Sharpe says:

"There is no constitutional restriction upon the legislative power to dispense with indictments in cases of misdemeanors."

And in Witt v. State, 130 Ala. 129, 30 So. 473, the court holds that the Constitution (article 1, § 9, Constitution of 1875) excepts misdemeanors from its prohibition against proceeding criminally by information for indictable offenses, by providing that in cases of misdemeanors, "the General Assembly may * * * dispense with a grand jury, and authorize such prosecutions and proceedings before justices of the peace, or such other inferior courts as may be by law established," and that the first clause of the proviso, giving power to dispense with a grand jury, is general and applies to circuit courts as well as other courts.

In Reese v. State, 16 Ala. App. 430, 78 So. 460, the judge of the inferior court of Bessemer issued a warrant for a misdemeanor and made same returnable before the circuit court. A local act of the Legislature creating the inferior court of Bessemer conferred the authority upon the judge of such court to issue warrants in such cases returnable to the circuit court. Local Acts 1915, p. 134. This court held that the Legislature had authority to regulate prosecutions for misdemeanors, and that having so provided, that circuit court was authorized and empowered to proceed on the process so issued, and to try the cause.

[3] It is contended by appellant that the Legislature was not authorized to confer upon the clerk of the circuit court powers of a judicial nature. Article 6, § 139, of the Constitution of 1901, provides that—

"The judicial power of the state shall be vested in the Senate sitting as a court of impeachment, a Supreme Court, circuit courts, chancery courts. courts of probate, such courts of law and equity inferior to the Supreme Court, * * * as the Legislature may from time to time establish, *and such persons as may be by law invested with powers of a judicial nature.* * * *" (Italics supplied.)

Section 139, supra, vests the judicial powers of the state not only in the officers therein enumerated, but also in such persons as may be by law invested with such powers.

Many judicial functions are conferred by statute upon registers in chancery, in addition to their clerical duties. They are made ex officio judges of probate courts when the judge thereof is disqualified. Coroners are made judicial officers. The Legislature is authorized to invest juvenile courts, commissioners' courts, the state tax commission, circuit clerks, and others with powers of a judicial nature. State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870; State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; Ex parte Pruitt v. State, 207 Ala. 261, 92 So. 426.

Section 3 of the local act, supra, conferring upon the circuit clerk the power to take affidavits and issue warrants in misdemeanor cases returnable to the circuit court, does not offend sections 7 or 8 of the Bill of Rights and is authorized by section 139 of the Constitution.

We find no error in the record.

The judgment is affirmed.

Affirmed.

Reynolds & Reynolds, of Clanton, for appellant.

Harwell G. Davis, Atty. Gen., for the State.