(103 So. 902)

**Oscar MINOR v. STATE.  (5 Div. 541.)**

(Court of Appeals of Alabama.  Jan. 13, 1925.
Rehearing Denied April 7, 1925.)

Appeal from Circuit Court, Chilton County; Geo. F. Smoot, Judge.

Reynolds & Reynolds, of Clanton, for appellant.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and Martin, Thompson, Foster & Turner, of Birmingham, for the State.

BRICKEN, P. J.  This appellant, defendant in the court below, was tried by the court without the intervention of a jury, and was convict-

ed for the offense of violating the Prohibition Laws of the state. From the judgment of conviction pronounced, he appealed to this court.

The appeal is predicated upon the record proper, and the points of decision involved are raised by defendant's plea in abatement, interposed as an answer to the complaint filed against him in the circuit court, and upon which the prosecution was founded. By this plea it is insisted that the circuit court of Chilton county had no jurisdiction to try and determine the case against defendant upon the process before the court, in that defendant was arrested on a warrant issued by the clerk of said circuit court upon complaint upon oath made before said clerk; the warrant being returnable to the circuit court. The effect of the plea in question is that the local law abolishing the county court of Chilton county, and conferring all jurisdiction of said court upon the circuit court (Local Acts 1923, p. 64), is void and of no effect, in that it is violative of sections 8 and 45 of the Constitution. Counsel for appellant filed an able brief in support of these several insistencies. However, this identical question has been decided by this court, present term, in the case of Lum Roseberry v. State (5 Div. 530) 103 So. 898.[1] In a well-considered opinion by Associate Judge Foster of this court, in the Roseberry Case, each of the questions here presented have been decided adversely to the contention of this appellant.

Upon authority of the Roseberry Case, supra, the judgment of the circuit court appealed from in this case is affirmed.

Affirmed.

