thorize a verdict of guilt. But, whether this be so or not, there is no request for the general affirmative charge, nor is the ruling of the court invoked in any manner, so as to present the question for review. Errors complained of must appear in the record, without which they will not be considered. We find no error in the record, and the judgment is affirmed. Affirmed.

=====

(104 So. 920)

Lottie CRONEY v. STATE. (8 Div. 271.) (Court of Appeals of Alabama. June 9, 1925.) Appeal from Circuit Court, Limestone County; James E. Horton, Jr., Judge. Possessing a still.

SAMFORD, J. There is no bill of exceptions, and, no error appearing in the record, the judgment is affirmed.

=====

(104 So. 920)

Mack CULP v. STATE. (3 Div. 489.) (Court of Appeals of Alabama. June 30, 1925.) Appeal from Circuit Court, Autauga County; George F. Smoot, Judge. Seduction. Guy Rice, of Prattville, for appellant. Harwell G. Davis, Atty. Gen., for the State.

RICE, J. Affirmed.

=====

(104 So. 920)

Gri CUSIMANO v. STATE. (7 Div. 59.) (Court of Appeals of Alabama. April 21, 1925.) Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge. J. D. Giles and W. J. Boykin, both of Gadsden, for appellant. Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J. This appellant, defendant in the court below, was indicted, tried, and convicted for a violation of section 7814 of the Code 1907, as amended by Acts 1923, p. 559, § 1 (section 5539, Code 1923), which section is known as the Sunday law and provides punishment for the commission of certain acts on Sunday, which this section prohibits. The specific charge against this appellant was: "Being a merchant or shopkeeper, and not a druggist, kept open store on Sunday." The cause was tried by the court without a jury, and it is here insisted that much irrelevant and incompetent evidence was allowed to be introduced over the objection of defendant. Upon examination of the record it is apparent that the evidence was permitted to cover a wide and unnecessary course, as the simple issue was whether or not the allegations contained in the indictment against the accused were true. We will not predicate reversible error, however, upon the rulings of the court in this connection, for the substantial rights of the defendant, in our opinion, were not injuriously affected by any of these rulings. The evidence in this case was not in conflict, and was ample upon which to predicate the judgment of conviction rendered by the court. Phillip Cusimano v. State (Ala. App.) 103 So. 241.[1] The judgment will be affirmed. Affirmed.

-----

[1] Ante, p. 502.

(104 So. 920)

Roy DANIEL v. STATE. (8 Div. 305.) (Court of Appeals of Alabama. June 9, 1925.) Appeal from Circuit Court, Madison County; O. Kyle, Judge. Violating prohibition law.

SAMFORD, J. Affirmed, on authority of Roseberry v. State (Ala. App.) 103 So. 898;[2] Ex parte Roseberry (Ala. App.) 103 So. 901;[3] Reese v. State, 16 Ala. App. 430, 78 So. 460.

=====

(104 So. 920)

Richard DAVIS v. STATE. (1 Div. 642.) (Court of Appeals of Alabama. June 9, 1925.) Appeal from Circuit Court, Mobile County; Saffold Berney, Judge. Abusive language.

SAMFORD, J. Appeal dismissed on motion of appellant.

=====

(102 So. 921)

A. L. DEES v. CITY OF TUSCALOOSA. (6 Div. 421.) (Court of Appeals of Alabama. Nov. 27, 1924.) Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge. Driving car while intoxicated.

PER CURIAM. Appeal dismissed for want of prosecution.

=====

(103 So. 923)

Henry DEMUS v. STATE. (4 Div. 983.) (Court of Appeals of Alabama. April 14, 1925.) Appeal from Circuit Court, Barbour County; J. S. Williams, Judge. Manslaughter, first degree.

SAMFORD, J. Appeal dismissed.

=====

(101 So. 923)

Lloyd DILLARD v. STATE. (1 Div. 564.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court, Mobile County; Saffold Berney, Judge. Violating prohibition law.

SAMFORD, J. Affirmed.

=====

(101 So. 923)

Joe DONALDSON v. STATE. (1 Div. 601.) (Court of Appeals of Alabama. Nov. 18, 1924.) Appeal from Circuit Court. Mobile County; Saffold Berney, Judge. Violating prohibition law.

FOSTER, J. The appeal is on the record, without bill of exceptions. We find no error in the record, and the judgment is affirmed.

=====

(104 So. 920)

Corbett DUFFEY v. STATE. (7 Div. 37.) (Court of Appeals of Alabama. April 21, 1925.) Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

BRICKEN, P. J. The prosecution against this appellant originated in the county court. From a judgment of conviction in that court an appeal was taken to the circuit court. He was there tried by a jury upon a complaint filed by the solicitor and predicated upon the original affidavit, which charged the accused with violating the prohibition law. He was again convicted. From the judgment of con-

-----

[2] Ante, p. 450.

[3] Ante, p. 560.